Oly Roma Filatova, Esq. – SBN 243734
Email: attorney.filatova@gmail.com
LAW OFFICES OF OLY FILATOVA
Opera Plaza
601 Van Ness Avenue, Suite 2052
San Francisco, CA 94102
Telephone: (415) 568-8677
Facsimile: (415) 484-7883

Attorneys for Defendants
ANDREY KLIMOV; YULIA
KLIMOVA; ANNA STEBLEVA; ANNA
ZEVELYOV, OLGA
CHERNETSKAYA; IGOR POKLAD;
PETR PARKHALIN; ANDREY
STRELTSOV; IRINA DROZDOVA;
OLGA ZINCHENKO; NIKOLAY
KULIKOV; ALAN SUBIN; A-STAR
LLC; ID-WISE SIA; and 3D COMPLECT

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

|  |  |
|---|---|
| ARTEC GROUP, INC., a California Corporation,<br><br>       Plaintiff,<br><br>    vs.<br><br>ANDREY KLIMOV, an individual, et al.,<br><br>       Defendants. | Case No. 15-cv-03449- RMW<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER AND PERSONAL JURISDICTION AND FOR IMPROPER VENUE**<br><br>**Fed. R. Civ. P. 12(b)(1),(2) and (3)**<br><br>Date:   December 11, 2015<br>Time:   9:00 a.m.<br>Courtroom: 6 – 4th Floor<br>Judge: Honorable Ronald M. Whyte |

TO PLAINTIFF ARTEC GROUP INC. AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 11, 2015 at 9:00 a.m. in the Courtroom of the

Honorable Ronald M. Whyte of the above referenced court, located at 280 South First

Street in San Jose, California 95113, Defendants Anna Zevelyov, Andrey Klimov, Yulia

Klimova, Anna Stebleva, Olga Chernetskaya, Igor Poklad, Petr Parkhalin, Andrey

Streltsov, Irina Drozdova, Olga Zinchenko, Nikolay Kulikov, Alan Subin, 3D-Complect,

1  A-STAR and ID-WISE will move to dismiss the Complaint pursuant to Fed. R. Civ. P.

2  12(b)(1), (2) and (3) on the grounds that the court lacks subject matter jurisdiction and

3  personal jurisdiction and that venue is improper.

4        This Motion will be based on this Notice, the attached Memorandum of Points and

5  Authorities, the Declarations of Anna Zevelyov, Andrey Klimov, Yulia Klimova, Anna

6  Stebleva, Olga Chernetskaya, Igor Poklad, Petr Parkhalin, Andrey Streltsov, Irina

7  Drozdova, Olga Zinchenko, Nikolay Kulikov and Alan Subin, the files and records in this

8  action, argument of counsel, and upon such other and further matter adduced at the hearing

9  or of which the court takes judicial notice.

10       The Motion is made following the conference of counsel pursuant to local rules,

11  which took place on October 6, 2015.

12

13  Dated:  October 26, 2015        Respectfully submitted,

14

15                                By: /s/ O. Filatova
                                      Oly Filatova
16                                    Law Offices of Oly Filatova
                                      Attorneys for Defendants
17                                    ANDREY KLIMOV; YULIA KLIMOVA; ANNA
                                      STEBLEVA; ANNA ZEVELYOV, OLGA
18                                    CHERNETSKAYA; IGOR POKLAD; PETR
                                      PARKHALIN; ANDREY STRELTSOV; IRINA
19                                    DROZDOVA; OLGA ZINCHENKO; NIKOLAY
                                      KULIKOV; ALAN SUBIN; A-STAR LLC; ID-
20                                    WISE SIA; and 3D COMPLECT

21

22

23

24

25

26

27

28

1
2

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

3

## I.   INTRODUCTION

4
5
6
7

Defendants Anna Zevelyov, Andrey Klimov, Yulia Klimova, Anna Stebleva, Olga Chernetskaya, Igor Poklad, Petr Parkhalin, Andrey Streltsov, Irina Drozdova, Olga Zinchenko, Nikolay Kulikov, Alan Subin, 3D-Complect, A-STAR and ID-WISE

8
9
10
11
12
13

respectfully request the Court to dismiss this lawsuit on the basis of lack of subject matter jurisdiction, personal jurisdiction and improper venue.  As to the lack of subject matter jurisdiction, defendant Anna Zevelyov is a citizen of California same as Plaintiff, and complete diversity does not exist between the parties.  As to the lack of personal jurisdiction over all other defendants bringing this motion (**"Foreign Defendants"**), none of them reside in the State of California or in this judicial district.  All individual defendants are citizens and residents of Russia (**"Individual Russian Defendants"**).  A-

14
15
16
17
18

STAR and 3D-Complect are entities registered in Russia, having their principle place of business in the city of Moscow, Russia, and ID-WISE is an entity registered in Republic of Latvia, having its principle place of business also in Moscow, Russia ("**Corporate Foreign Defendants**").  Furthermore, the Foreign Defendants do not:

19
20
21

-   Own or lease real property in the State of California;

-   Owe or have been required to pay taxes in the State of California;

22
23

-   Maintain an office in the State of California;

24

-   Maintain a registered agent for service of process in the State of California;

25
26

-   Have employees in the State of California;

27
28

-   Conduct print, radio, television, internet or any other advertising that was directed to California residents; or

- Conducted promotions or sponsored events in the State of California

The sole contacts purportedly supporting personal jurisdiction are alleged contractual agreements with Plaintiff and alleged tortuous conduct in infringing on Plaintiffs' trade secret information.

The Foreign Defendants have not directed their business activities to the State of California, and could not have reasonably anticipated being haled into court here, and therefore the court lacks personal jurisdiction over these Foreign Defendants.  Venue is similarly improper because the Foreign Defendants have even less of a connection to this judicial district.  Most of the Individual Russian Defendants have never been to the State of California and do not have permits (visas) to enter this country.

## II.    FACTUAL BACKGROUND

This is essentially a dispute between a Russian Company and its former employees, contractors and affiliates in Russia, all of whom are likewise citizens and residents of Russia, with the sole exception of Anna Zevelyov ("*Individual Russian Defendants*").

OOO Artec Ventures, ("*Russian Company*"), is registered in the Russian Federation and has its principal office and place of business in Moscow. Complaint, ¶54. All Individual Russian Defendants have at some time or other worked at the Russian Company's office in Moscow, most receiving a regular salary, with withholdings being reported to the Russian tax authorities and social services, akin to W-2 employees in the U.S.   None of the Individual Russian Defendants have ever worked at Plaintiffs' offices, and most have never been to the United States.  None have a permit to work in the United States, and most do not even have visas to enter the country.  Declarations of Chernetskaya, Poklad, Parkhalin, Streltsov, Drozdova, Zinchenko, Kulikov and Subin at ¶4. ("Decl.").  Only Andrey Klimov, Yulia Klimova and Anna Stebleva had ever been to California, and these trips were under ten days each as tourists on a tourist visa.  (Andrey Klimov Decl, ¶6, Yulia Klimova Decl., ¶4 and Stebleva Decl. ,¶6.)

What precipitated a mass exodus of workers and affiliates from this Moscow office is a subject of hot dispute, however it is clear from the allegations of the Complaint that all the acts, events and omissions claimed in this case occurred in Moscow, Russia. (Complaint ¶¶ 54, 87, 90, 98, 102, 118, 121).  Plaintiff states in the Joint Rule 26(f) Report filed in this case on October 20, 2015, that it was OOO Artec Ventures that filed an application with the Moscow Department of the Russian Ministry of the Interior, based on substantially the same allegations as those in the Complaint seeking to have criminal charges brought against Andrey Klimov.  (Joint Rule 26(f) Report at page 15 at ¶10).  That application was investigated and denied, and the Ministry of the Interior issued an order refusing to institute proceedings for lack of evidence. (Yulia Klimova Decl., ¶¶7-10, at **EXHIBIT A**, a certified translation of that order.)

The Russian Company, OOO Artec Ventures, is wholly owned by Artyom Yukhin (100% shareholder).  Mr. Yukhin, also a Russian citizen, is the complainant who filed the application with the Ministry of Interior, (Yulia Klimova Decl., ¶¶7-10, **EXHIBIT A**). The Plainttiff in this case, a closely held California Corporation, is the alter-ego of Mr. Yukhin, its founder and sole director, President & CEO.  A close personal friend of Mr. Yukhin's, Leonard Grayver, Esq., formed the entity that is Artec Group Inc., in 2006, but dispensed with the required corporate resolutions, meetings, and record-keeping.  According to email correspondences between Mr. Yukhin and Mr. Grayver, he has manufactured corporate records at more recent dates, even forging shareholder signatures.  (Andrey Klimov Decl, ¶ 8-11 , **EXHIBIT A.** (Mr. Grayver, and his law firm Greenberg, Whitcombe, Takeuchi LLP has recently withdrawn from representing Plaintiff, and are now represented by their own legal counsel specializing in malpractice.)

Having failed to institute proceedings in Russia, Mr. Yukhin instead claimed that the Individual Russian Defendants were somehow employed by Artec Group Inc., a California Corporation, the Plaintiff, and brought this suit.  The Complaint obviously tries to obfuscate this issue in claiming there is some "Artec Group of companies", in referring to Plaintiff and the Russian Company interchangeably as "Artec Group", then to the

Russian Company also as "Artec's" [sic] (Complaint ¶121). It is however, clear from the Complaint that ALL the events, acts and omissions alleged in the Complaint occurred at the Moscow office of the Russian Company and have nothing to do with Plaintiff and its business in California.

None of the Russian defendants named in this lawsuit were ever employed by Plaintiff, and three months after filing of this lawsuit Plaintiff still has not produced the written contracts it alleges in the Complaint.  (Joint Rule 26(f) Report at page 28 at ¶¶7-8.) It is undisputed, that while Plaintiff claims an employment relationship pursuant to California Labor Code with the Russian defendants, it has never issued either IRS form 1099 or W-2 to them over the course of the years alleged, or reported having such employees to the Franchise Tax Board and the IRS, or made the required FICA or California SDI withholdings.  Neither has Plaintiff made comparable reporting and withholdings for Russian tax authorities.

Plaintiff alleges that it had appointed defendants Andrey Klimov as its Director and CEO, and Yulia Klimova as its CFO, and they owed fiduciary duties to Plaintiff. However, there is no legal possibility that Andrey Klimov was ever a Director or CEO of Artec Group, Inc. owing any fiduciary duties to the company, because the operative Bylaws of Artec Group, Inc., clearly provide that the number of directors of the company "shall be one", in Section 3.02.  (Andrey Klimov Decl., at  ¶13-15 , **EXHIBIT B**). The present lawsuit is being directed by Artyom Yukhin, who always has been and remains the sole Director.  (Andrey Klimov Decl., at  ¶13-15 , **EXHIBIT B**)

The Bylaws also provide that the post of President and CEO is one in the same -- Section 4.03 of these operative Bylaws specifically provides that "the President shall be the Chief Executive Officer of the corporation".  (Andrey Klimov Decl., at  ¶16 , **EXHIBIT C**).  Artyom Yukhin has at all times been the sole Director, President and CEO. (Andrey Klimov Decl. at  ¶15-16).  Additionally, there is no resolution by Directors or shareholders of Plaintiff appointing Defendant Yulia Klimova as its CFO.  (Yulia Klimova Decl., at  ¶11).

On July 27, 2015, Plaintiff Artec Group Inc., a California Corporation ("***Artec California***") filed the instant Complaint alleging sixteen causes of action against the moving Defendants, which sound both in contract and in tort.  The gist of Plaintiffs' allegations is that the individual defendants gained access to its trade secrets while in its employ, and violated confidentiality agreements and tortuously interfered with Plaintiffs' contracts in violation of the Uniform Trade Secrets Act, and otherwise engaged in unfair competition practices under the California Code.  Plaintiff asserts five California statutory causes of action against the moving Foreign Defendants.

Artec California claims that this court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 (diversity), and that venue is proper pursuant to 28 U.S.C. §1391(b). Plaintiff's sole allegation of venue is that "a substantial part of the events or omissions giving rise ARTEC's claim occurred in the district". Complaint ¶25.  There are no other facts or acts stated in the Complaint to support the venue claim.

Artec California claims that this Court has jurisdiction over the Foreign Defendants because counsel for Zevelyov and Klimov wrote to Plaintiff on March 26, 2015, that "Ms. Zevelyov and Mr. Klimov are ready and able to avail themselves of the protection of California courts." (Complaint ¶26).  Plaintiff further claims that counsel's correspondence conferred jurisdiction over all Foreign Defendants because in another letter counsel cited to a California Civil Code.  (Complaint ¶27).  There are no other allegations that personal jurisdiction is proper anywhere in the Complaint.  Plaintiff does not allege that any moving Defendants purposefully directed their activities, or expressly aimed their activity at the State of California, or that they knew it is foreseeable that their conduct harms a California entity.

## III.  DISCUSSION

**A. <u>The court lacks subject matter jurisdiction to hear this matter because there is no complete diversity pursuant to 28 U.S.C. §1332, as Plaintiff and Defendant Anna Zevelyov are both citizens of the State of California</u>**

Complete diversity between all plaintiffs and defendants is required for subject matter jurisdiction under 28 U.S.C. §1332.  *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1005 (9th Cir. 2001) (citing *Schacht*, 524 U.S. at 388; *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant.").  *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675 (7th Cir. 2007 ("[Section] 1332 requires complete diversity, meaning that no plaintiff may be from the same state as any defendant").  Plaintiff's sole basis for subject matter jurisdiction in this case is diversity jurisdiction.  (Complaint at ¶24.)

1. **<u>The court does not have subject matter jurisdiction because Plaintiff cannot meet its burden to establish diversity of citizenship</u>**

Plaintiff has the burden of establishing that complete diversity exists in this case. "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  It is undisputed that Plaintiff is a citizen of California.  Plaintiffs' only allegation of Anna Zevelyov's domicile is in a footnote to ¶26 at page 10 that "On information and belief, ZEVELYOV's present domicile is in Russia".  (Complaint ¶26).  Plaintiff is unable to meet its burden in establishing that Zevelyov is domiciled in Russia, therefore this motion must be granted.

To determine diversity of citizenship, a court can examine materials outside the pleadings. 13E Wright & Miller § 3602.1, p. 111. A court can conduct a limited evidentiary hearing to determine its own jurisdiction. *Id.* § 3602.1 at 107–18.  *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73 (2d Cir. 2005)  ("It is also well established that when the question is subject matter jurisdiction, the court is permitted to rely on information beyond the face of the complaint."). *Id.*

Ms. Zevelyov is, in fact, domiciled in California and is a citizen of the same state as Plaintiff.   Ms. Zevelyov is a US Citizen, pays taxes and votes in California, has a permanent home in Dublin, California, with her parents, holds a California Drivers License and was served with the summons in this case right outside her home within 6 days of its filing, on August 3, 2015.  Declaration of Anna Zevelyov ("Zevelyov Declaration"), attaching copies of her California Tax Returns filing confirmation (2012-2014), current voter registration, bank statements to her permanent address and CA Drivers' License has been filed in support of this motion.  See Zevelyov Declaration at ¶3-14, **Exhibits A, B, C and E.**

It is undisputed that Ms. Zevelyov worked at Plaintiff's office in Palo Alto, California from November 1, 2013 until August 15, 2014.  Complaint at ¶8, page 4.  Plaintiff filed this lawsuit less than a year after she left Plaintiff, and served Ms. Zevelyov with the summons in this case on August 3, 2015, at her home address at 5268 Montiano Court, Dublin, California.  The proof of service of summons is on file in this case and also attached to Zevelyov Declaration as **Exhibit F**. (Parties subsequently filed a stipulation extending time for Defendants to respond to the Complaint to October 26, 2015).

Ms. Zevelyov is prepared to produce the actual copies of her California and US Tax returns for the past six years, including 2014 returns filed in January of 2015, at an evidentiary hearing on this issue.  Ms. Zevelyov has been paying US taxes to the IRS her entire working life, and the Social Security statement enumerating these filings, including 2014, is attached to Zevelyova Declaration as **Exhibit D.**

Because Ms. Zevelyov clearly was and remains domiciled in California, and Plaintiff is also domiciled here, complete diversity does not exist and this case must be dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. §1332.

**2.   Anna Zevelyov is domiciled in California and is a citizen of this state.**

To show state citizenship for diversity purposes under federal common law a party must (1) be a citizen of the United States, and (2) be domiciled in the state." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

1       Courts consider multiple factors in determining a natural person's domicile. Factors

2   relevant to a natural person's domicile include: "the party's current residence; voter

3   registration and voting practices; situs of personal and real property; location of brokerage

4   and bank accounts; membership in unions, fraternal organizations, churches, clubs, and

5   other associations; place of employment or business; driver's license and automobile

6   registration; payment of taxes; as well as several other aspects of human life and activity."

7   13E Wright & Miller § 3612, pp. 536–541. *Moore's Federal Practice* ¶ 102.34[8] notes

8   that residence in a place is not sufficient to establish a domicile.

9       Complaint at ¶8, page 4, alleges only that Ms. Zevelyov "is a United States citizen

10  and a resident of Russia".

11      In fact, Ms. Zevelyov is currently in Russia on a work visa issued on June 26, 2015.

12  A copy of the work visa is attached to Zevelyov Declaration as **EXHIBIT H**.   Her work

13  visa expires less than a year from now in July of 2016.  Zevelyov Declaration, **EXHIBIT**

14  **H.**  Ms. Zevelyov has no Russian citizenship, no real property, no car, no drivers' license

15  there, and no intent to remain in Russia beyond the scope of her work.  Zevelyov

16  Declaration at ¶14,15.  The work visa is subject to very stringent requirements, and even

17  administrative infractions such as a citation for littering can trigger its cancellation and her

18  expulsion from the Russian Federation.  Zevelyov Declaration at ¶15.  One of the reasons

19  why Ms. Zevelyov has been filing California tax returns all these years is to be able to

20  qualify for a mortgage in the Bay Area, where she wants to buy a home to live next to her

21  parents and extended family.  Zevelyov Declaration at ¶16.

22      "It has long been the case that the jurisdiction of the court depends upon the state of

23  things at the time of the action brought." *Grupo Dataflux v. Atlas Global Group, LP*, 541

24  U.S. 567, 570.  It is the "rule that federal jurisdiction is (with immaterial exceptions)

25  determined as of the date the complaint is filed" *Aurora Loan Servs., Inc. v. Craddieth*,

26  442 F.3d 1018, 1025 (7th Cir. 2006)

27      Since Ms. Zevelyov was served with process in this case at her home address in

28  California, and has provided ample evidence with her Declaration that she votes, pays

taxes, and has her permanent home at that address in California, the Plaintiff cannot meet its burden it showing her domicile is elsewhere.  There is no diversity of citizenship between Plaintiff and defendant Zevelyov, therefore the case must be dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. §1332.

**B.   The Foreign Defendants are not subject to personal jurisdiction in the State of California**

In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper.  *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  Here, Artec California cannot "simply rest on the bare allegations of its complaint" but rather must "come forward with the facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Marketing Systems, Inc. v. Jobar Intern.,* 551 F.2d 784, 784 (9th Cir. 1977).

There is no dispute over personal jurisdiction as to Ms. Zevelyov, who is domiciled in California.  All other individual defendants in this case are eleven (11) individual Russian citizens: Andrey Klimov, Yulia Klimova, Anna Stebleva, Olga Chernetskaya, Igor Poklad, Petr Parkhalin, Andrey Streltsov, Irina Drozdova, Olga Zinchenko, Nikolay Kulikkov and Alan Subin ("*Individual Russian Defendants"*).  The other three defendants bringing this motion are all corporate entities, 3D-COMPLECT, A-STAR (registered in Russia) and ID-WISE (Registered in the Republic of Latvia).  Collectively these will be referred to as "*Foreign Corporate Defendants*".

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d at 800. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Id*. at 800-01. Therefore, the relevant question, is whether Individual Russian Defendants and Foreign Corporate Defendants have "at least `minimum contacts' with the relevant forum such that

the exercise of jurisdiction `does not offend traditional notions of fair play and substantial justice.'" *Id.* at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). There are two forms of personal jurisdiction that a forum state may exercise over a non-resident defendant – general jurisdiction and specific personal jurisdiction.  For the reasons stated below, these Foreign Defendants are subject to neigher.

## 1.   The court lacks general jurisdiction because Foreign Defendants' contacts with California do not "approximate physical presense"

General jurisdiction exists where the business contacts with the forum state are so substantial, continuous and systematic that they "approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc*., 223 F.3d 1082, 1086 (9th Cir. 2000).  The types of contacts with a forum state determined by courts to confirm general jurisdiction include the maintenance of bank accounts, having employees, ownership of property,  soliciting business, or having a designated agent in the state.  See *Glencore Grain v. Shivnath Rai Harnarain*, 284 F.3d 1114,1124-25 (9th Cir. 2002).  However, "engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates a physical presence within the state's borders." *Bancroft & Masters, Inc.*, 223 F.3d at 1086.

Individual  Russian  Defendants'  contacts  with  California  do  not approximate those necessary to confer general jurisdiction. (See generally Decl. of  Andrey Klimov, Yulia Klimova, Anna Stebleva, Olga Chernetskaya, Igor Poklad, Petr Parkhalin, Andrey Streltsov, Irina Drozdova, Olga Zinchenko, Nikolay Kulikov and Alan Subin).   As for the three Foreign Corporate Defendants, the allegations of the Complaint itself are that these are foreign entities with no other contacts with California. The Complaint plainly alleges that ID-WISE is incorporated in Latvia (Complaint ¶77), and that A-STAR and 3D Complect  are  Russian  Companies  with  their  principal  place  of  business  in Moscow, Russia (Complaint ¶18, 21, 118).

Like the defendant in *Glencore Grain*, who the court found lacked the necessary contacts to support general jurisdiction, all of these Foreign Defendants do not own property, maintain bank accounts, have employees, solicit business, or have a designated agent in the state of California. The Individual Russian Defendants resided in Russia at the time of the events alleged in the Complaint, and Plaintiff does not dispute this.

The only contacts that the defendant in *Glencore Grain* had with California were the employment of an independent sales agent to distribute the defendants' products, and fifteen shipments into San Francisco. Here, Individual Russian Defendants has significantly less contacts than the defendant in *Glencore Grain*., therefore general jurisdiction is improper.

**2. The Court lacks specific jurisdiction because Foreign Defendants have not purposefully availed themselves of the protections of the State of California or purposefully directed activity to California, and because the exercise of jurisdiction would be unreasonable**

"Specific jurisdiction, on the other hand, depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S., 131 S. Ct. 2846, 2851 (2011). The Ninth Circuit has established a three-part test to determine whether a court has specific personal jurisdiction over a defendant:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d at 802. None of the three requirements has been met here.

> **a.) Foreign Defendants did not "avail themselves of the privilege of conducting activities in the forum thereby invoking the benefits and protections of its laws"**

"The plaintiff has the burden of proving the first two prongs. If he does so, the burden shifts to the defendant to set forth a compelling case that the exercise of jurisdiction would not be reasonable." *Picot v. Weston,* 780 F. 3d 1206, 1211-12 (9th Cir. 2015).

"The exact form of jurisdictional inquiry depends on the nature of the claim at issue. For claims sounding in contract, [courts] generally apply a `purposeful availment' analysis and ask whether a defendant has purposefully availed [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. For claims sounding in tort, [courts] instead apply a `purposeful direction' test and look to evidence that the defendant has directed his actions at the forum state, even if those actions took place elsewhere." *Id.* at 1122-23. In the instant case Plaintiff brings claims which sound both in tort and in contract.

Plaintiff's sole allegation of personal jurisdiction in this case is contained in paragraph 26 of the Complaint, at pages 9-10. Plaintiff argues that counsel for two of the Defendants', Klimov and Zevelyov, conferred jurisdiction over all Foreign Defendants on this court because their attorney had sent Plaintiff two letters threatening legal action in California. (Defendants never filed an action in state courts and there is no such further allegation.)

In the instances of both tort and contract claims, the courts focus on "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) "[I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him. To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or

1  interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff

2  or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* at 1122-23.

3       With respect to a contract claim, personal jurisdiction may be exercised over a

4  defendant only if the defendant "purposefully availed" himself of the privilege of

5  conducting activities within the forum state. *Picot,* 780 F.3d at 1212. "Merely random,

6  fortuitous, or attenuated contacts [with the forum state] are not sufficient. A defendant

7  must have performed some type of affirmative conduct which allows or promotes the

8  transaction of business within the forum state." *Id.*

9       Under this standard, two correspondences from an attorney citing to California law

10 do not come close to "conducting activities within the forum state" invoking the benefits

11 and protections of the forum state courts and law.  This the merely random and attenuated

12 contact contemplated by the court in the *Picot*  decision.  Furthermore, the attorney

13 asserted the rights of but two (2) of the Individual Russian Defendants.  There are no other

14 actions alleged by Plaintiff that meet the "purposeful availment in conducting activities"

15 requirements for any Foreign Defendants.  Plaintiff cannot meet its burden of proving the

16 first two prongs of the *Picot* test, and the exercise of personal jurisdiction over the Foreign

17 Defendants would be improper.

18
19      **b.) Foreign Defendants did not "purposefully direct"or "expressly aim" their
        activities at the forum state**

20      The Ninth Circuit has applied the *Walden* case to hold that the "express aiming"

21 prong is not met where a California resident brought suit in California against an out-of-

22 state defendant for tortious interference with contract, and for breach of an oral contract,

23 but where none of defendant's challenged conduct had anything to do with California

24 itself.  *Picot*, supra, 780 F.3d at 1214-15. In so holding, the *Picot* court rejected plaintiff's

25 argument, which relied on *Washington Shoe*, that the express aiming prong was met

26 because the defendant targeted a California resident. *Id.* at 1214.

27
28

In *Picot,* Plaintiff, a citizen of California, sued Weston, a resident of Michigan and his company incorporated in Michigan, for breach of contract.  Outside the events involved in the suit, neither Weston nor his company had ever conducted business in California. Plaintiff had traveled to Michigan to meet with Weston and entered into an oral agreement with him there.  Weston performed his contractual obligations from his Michigan office, and subsequently Weston also traveled to California twice on business related to the object of their agreement.  Each trip lasted approximately two weeks and both times Plaintiff compensated Weston for his work and related expenses.

If Plaintiff's allegations in the instant case are taken as true, the facts of this case are very similar.  Plaintiff allegedly contracts with out-of-state individuals who have never conducted business in California, and enters into employment and confidentiality agreements with them in Russia (since all individual defendants resided in Russia during the time relevant to that allegation).  Three of the individual defendants, Andrey Klimov, Yulia Klimova and Anna Stebleva, travel to California once or twice for purported collaboration with Plaintiff related to the objective of the agreements.  The tortuous conduct complained of in the instant case occurs outside of California, in the Russian Federation.

The *Picot* court found that the argument for asserting personal jurisdiction under these circumstances was unpersuasive in light of *Walden*, which "reinforced the traditional understanding that our personal jurisdiction analysis must focus on the defendant's contacts with the forum state, not the defendant's contacts with a resident of the forum." *Id*.

Plaintiff is the sole point of contact with the State of California for these Foreign Defendants.  But a defendant's contract with an out-of-state party does not, by itself, automatically confer jurisdiction in that party's state. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 478 (1985); see also *Walden,* 134 S. Ct. at 1122-23.  Plaintiff is unable to meet the burden in proving the Foreign Defendants "purposefully directed"or "expressly aimed"

1   their activities at the forum state.  The exercise of personal jurisdiction would be improper

2   under the facts of this case.

3   **c. The exercise of jurisdiction over Foreign Defendants is not reasonable**

4   The third part of the personal jurisdiction analysis examines whether the exercise of

5   personal jurisdiction would be reasonable.  Courts consider seven factors when making

6   this determination: (1) the extent of the defendants' purposeful interjection into the forum

7   state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of

8   conflict with the sovereignty of the defendant's state; (4) the forum state's interest in

9   adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6)

10   the importance of the forum to the plaintiffs interest in convenient and effective relief; and

11   (7) the existence of an alternative forum. *CE Distrib., LLC.,* 380 F.3d at 1112. These

12   factors weigh in favor of the Foreign Defendants. (It is of note that the alleged Foreign

13   Corporate Defendants are managed by the individual named defendants in this suit, and the

14   analysis of each factor pertaining to the individual defendant is applicable to the corporate

15   entities they represent).

16   As to the first factor, none of the Individual Russian Defendants have ever worked

17   at Plaintiffs' offices, and most have never been to the United States.  None have a permit

18   to work in the United States.  Defendants Chernetskaya, Poklad, Parkhalin, Streltsov,

19   Drozdova, Zinchenko, Kulikov and Subin have never been to the State of California and

20   do not even have visas to enter the country.  Only Defendants Andrey Klimov, Yulia

21   Klimova and Anna Stebleva had ever been to California, and these trips were under ten

22   days each as tourists on a tourist visa.  With regard to Plaintiff's allegations that Andrey

23   Klimov was appointed Director and Officer of Plaintiff Corporation, and Yulia Klimova its

24   CFO, it is undisputed that Klimov and Klimova did not perform any such duties in

25   California.  In any event, these appointments were unilateral actions of Plaintiff in trying to

26   bind these defendants to the forum state, not the actions of Klimov and Klimova

27   themselves in purposefully aiming their activities to California and interjecting into the

28   forum state affairs.  In any case, these appointments were illusory as those officer and

1    director positions did not exist as a matter of law. (Andrey Klimov Decl., generally and at

2    **EXHIBITS A, B** and **C**). The Foreign Corporate Defendants are not even alleged to have

3    any contacts with California.  Foreign Defendants, then, can hardly be said to

4    "purposefully interject" into California's affairs.

5         Regarding the second factor, the burden on Foreign Defendants of defending in

6    California is substantial.  Defendants Chernetskaya, Poklad, Parkhalin, Streltsov,

7    Drozdova, Zinchenko, Kulikov and Subin are rank and file employees, who reside in a

8    country in another hemisphere and do not even have visas to enter the country.  They

9    cannot appear before the court in their own defense.  Andrey Klimov, Yulia Klimova and

10   Anna Stebleva likewise reside and work in Russia, and are not guaranteed the right of

11   entry to this country, as a visa issuance is a privilege and not a right.  The financial burden

12   of litigating in a foreign forum would be great.  This factor favors the Foreign Defendants.

13        The third factor likewise favors the Foreign Defendants, as there is apparent conflict

14   between the sovereignty of the Russian Federation and the State of California.

15        Regarding factor four, it is clear that the claims brought in this suit belong to the

16   Russian Company, OOO Artec Ventures, therefore California has little to no interest in

17   protecting that Russian Artec, a foreign corporation.  If anything, California would have an

18   interest in not hearing a dispute which has no local impact, between two non-residents.

19   This factor favors Foreign Defendants as well.

20        The fifth factor concerns the efficiency of the forum.  "In evaluating this factor,

21   [courts look] primarily at where the witnesses and the evidence are likely to be located."

22   *Core-Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482, 1489 (9th Cir. 1993).  In this case,

23   clearly the forum to provide the most efficient resolution of the controversy is Russian

24   Federation, where all the alleged acts and events took place, and where all the witnesses

25   and evidence is located.  The effective Director of Plaintiff, Artyom Yukhin, who is

26   bringing these claims is also a Russian citizen who resides in Russia.  Thus, this factor is

27   clearly in Foreign Defendants' favor.

28

1   The convenience and effectiveness of relief for the plaintiff comprise the sixth

2   factor.  "[I]n this circuit, the plaintiff's convenience is not of paramount importance".

3   *Dole Food Co.,* 303 F.3d. at 1116.  While it may be more convenient to Plaintiff to have

4   this dispute adjudicated in California due to the fact that its counsel is found here, it is hard

5   to see how resolution of the case here would be more effective than in the Russian

6   Federation where all the evidence and witnesses are located.  Given the weight accorded

7   this factor by the Ninth Circuit, it is largely without import.

8   The seventh and final factor is the availability of an alternate forum.  Plaintiff bears

9   the burden of proving the unavailability of an alternative forum.  *Core-Vent Corp.* 11 F.3d

10  at 1490.  Plaintiff cannot meet its burden in this regard.  It cannot be disputed that, because

11  all the events alleged in the Complaint occurred at the Moscow Office of its affiliate

12  company, where all the evidence and witnesses are located, the Russian Federation

13  provides an alternate forum for this dispute.  Moreover, Plaintiff's corporate counsel,

14  Anastasia Khaytul, is also located in Moscow, Russia.  Weighing all of these seven

15  considerations, the balance of factors clearly favors the Foreign Defendants.

16  As demonstrated above, this court can assert neither general nor specific personal

17  jurisdiction over the Foreign Defendants.  However, even assuming personal jurisdiction is

18  appropriate in California, venue is not proper.

19  **C.  Venue is not proper in this judicial district under 28 U.S.C. §1391(b).**

20  Once the propriety of venue is challenged pursuant to Rule 12(b)(3), the plaintiff

21  bears the burden of proving that venue is proper. *Piedmont Label Co. v. Sun Garden*

22  *Packing Co*., 589 F.2d 491, 496 (9th Cir. 1979). When considering a motion to dismiss for

23  improper venue, a court need not accept the pleadings as true and may consider facts

24  outside of the pleadings. *Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).

25  Plaintiff alleges venue is proper pursuant to 28 U.S.C. §1391(b).  Its' sole allegation

26  of venue is that "a substantial part of the events or omissions giving rise ARTEC's claim

27  occurred in the district". Complaint ¶25.  This assertion is controverted by every single

28

19

1  allegation of the complaint which avers to place or location.  (Complaint ¶¶ 54, 77, 87, 90,

2  98, 102, 105, 106, 108, 118, 121).

3       Venue must be established as to each claim. *Boudouin v. Dep't of Navy*, 2010 WL

4  890042, at *2 (N.D. Cal. Mar. 8, 2010).  However, the Complaint brings specific

5  allegations that parts were stolen by Defendants from company wearhouses, equipment

6  was "jailbroken", and new devices were manufactured with these parts (Complaint ¶¶102).

7  Since it is alleged in Plaintiff's own complaint that all the Individual Russian Defendants

8  were residents of Russia (or Luxemburg) at the time of the alleged events, these events

9  must have taken place in Russia and, conversely, could not have taken place in the

10 Northern District of California. (Complaint ¶¶ 3-16). Plaintiff cannot establish venue for

11 these claims in the Northern District of California.

12      Courts have rejected attempts by a plaintiff to argue venue using a state-wide

13 jurisdictional analysis. *Milwaukee Concrete Studios, Ltd. v. Fjeld Manuf, Co.,* 8 F.3d 441,

14 446 (7th Cir. 1993). ("It is not sufficient that [defendant] would be subject to personal

15 jurisdiction  under the …long-arm statute by virtue of contacts with another district in [the]

16 state.") Thus, for purposes of venue, the focus is on whether Foreign Defendants would be

17 subject to personal jurisdiction in the Northern District of California.  "The court uses

18 basically the same procedure to decide a motion to dismiss for improper venue as it does

19 for deciding a motion to dismiss for lack of personal jurisdiction." *Hudye Soil Services,*

20 *Inc.v Tyler,*46 F. Supp. 2d 1157, 1161 (D. Kan. 1999).

21      As set forth in Section B above, Foreign Defendants lack contacts with the State of

22 California of the sufficiency and type which would warrant the assertion of either general

23 or specific personal jurisdiction over them.  Foreign Defendants' purposeful contacts for

24 jurisdictional purposes (and in this case venue) are even less with the Northern District of

25 California than with the state as a whole.  Foreign Defendants do not reside, pay taxes,

26 have bank accounts, offices or employees here.  They have not directed any relevant

27 actions to the Northern District of California.  Their contacts with the Northern District are

28

1   so attenuated, the assertion of personal jurisdiction over them would be unreasonable.

2   Accordingly, venue is not proper in this judicial district.

3       If the court finds venue is improper, it has discretion to dismiss*". Omnicell, Inc. v.*

4   *Medacist Solutions Grp., LLC*, 272 F.R.D. 469, 473 (N.D. Cal. 2011).  Weighing all

5   relevant factors, the Northern District of California is not the proper venue for this action.

6   The moving defendants respectfully submit that the action should be dismissed.

7                                **IV. CONCLUSION**

8       The moving Defendants ask this Court to grant this motion, dismiss the Plaintiff's

9   lawsuit, and grant the moving Defendants such other and further relief to which they may

10  be justly entitled.

11

12  Dated:  October 26, 2015        Respectfully submitted,

13

                         By: /s/ *O. Filatova*
14                           Oly Filatova
                             Law Offices of Oly Filatova
15                           Attorneys for Defendants
16                           ANDREY KLIMOV; YULIA KLIMOVA; ANNA
                             STEBLEVA; ANNA ZEVELYOV, OLGA
17                           CHERNETSKAYA; IGOR POKLAD; PETR
                             PARKHALIN; ANDREY STRELTSOV; IRINA
18                           DROZDOVA; OLGA ZINCHENKO; NIKOLAY
19                           KULIKOV; ALAN SUBIN; A-STAR LLC; ID-
                             WISE SIA; and 3D COMPLECT
20

21

22

23

24

25

26

27

28

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that on October 26, 2015, I caused the foregoing Notice of Motion and Motion to Dismiss (along with the accompanying Declarations of Anna Zevelyov, Andrey Klimov, Yulia Klimova, Anna Stebleva, Olga Chernetskaya, Igor Poklad, Petr Parkhalin, Andrey Streltsov, Irina Drozdova, Olga Zinchenko, Nikolay Kulikov and Alan Subin) to be filed via the CM/ECF system and served on opposing counsel via electronic notification.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on October 26, 2015 at Pacifica, California.

*/s/ O. Filatova*
Oly Filatova