UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARTEC GROUP, INC., <br><br>   Plaintiff, <br><br> v. <br><br> ANDREY KLIMOV, et al., <br><br>   Defendants. | Case No.  15-cv-03449-RMW <br><br> **ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER AND PERSONAL JURISDICTION AND FOR IMPROPER VENUE** <br><br> Re: Dkt. No. 20 |

On October 26, 2015, defendants Anna Zevelyov, Andrey Klimov, Yulia Klimova, Anna Stebleva, Olga Chernetskaya, Igor Poklad, Petr Parkhalin, Andrey Streltsov, Irina Drozdova, Olga Zinchenko, Nikolay Kulikov, Alan Subin, 3D-Complect, A-Star, and ID-Wise filed a motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue. Dkt. No. 20. On November 9, 2015, in accordance with Federal Rule of Civil Procedure 41(a)(1)(A)(i), plaintiff Artec Group, Inc. voluntarily dismissed the complaint as to defendants Anna Zevelyov, 3D-Complect, Igor Poklad, Peter Parkhalin, Olga Chernetskaya, Andrey Streltsov, Irina Drozdova, Olga Zinchenko, Nikolay Kulikov, and Alan Subin. Dkt. No. 47. Artec Group, Inc. now opposes the motion as to the remaining defendants[1]—Andrey Klimov, Yulia

---

[1] Axon Business Systems has not yet been served and does not join in this motion. Plaintiff

Klimova, Anna Stebleva, ID-Wise, and A-Star. Dkt. No. 48. Defendants filed a reply on November 16, 2015. Dkt. No. 54. Plaintiff filed objections to defendants' reply evidence. Dkt No. 73. A hearing was held on December 11, 2015. Having considered the arguments of the parties, the court dismisses plaintiff's claims against defendants ID-Wise and A-Star. Defendants' motion is otherwise denied.

## I.   BACKGROUND

This is a case about alleged trade secret misappropriation and breach of contract. On July 27, 2015, Artec Group, Inc. filed suit against fifteen defendants asserting seventeen different causes of action. Dkt. No. 1. Plaintiff is a California corporation located in Palo Alto, which manufactures 3D scanners and facial recognition devices. Compl. ¶ 1. Plaintiff Artec Group, Inc. alleges that Andrey Klimov, CEO, Yulia Klimova, acting CFO, and Anna Stebleva, Vice President of Business Development, conspired to steal trade secrets, hardware, and business relationships from plaintiff and secretly formed the corporate defendants, ID-Wise and A-Star. Compl. ¶¶ 54, 55. Artec Group, Inc. also alleges claims against ID-Wise and A-Star for, among other things, tortious interference with contract, conversion, unfair competition, and false advertising. *See, e.g.*, Compl. ¶¶ 181-92, 245-263. All three individual defendants are citizens and residents of Russia. Compl. ¶¶ 3, 5, 6; Dkt. No. 20 at 11. ID-Wise is a Latvian company, and A-Star is a Russian company. Compl. ¶¶ 18, 20; Dkt. No. 20 at 11.

## II.   ANALYSIS

### A.  Subject Matter Jurisdiction

Plaintiff asserts diversity as the basis for subject matter jurisdiction under 28 U.S.C. § 1332. Compl. ¶ 24. Defendants move to dismiss for lacks of subject matter jurisdiction because both plaintiff Artec Group, Inc. and defendant Anna Zevelyov are citizens of the state of California. Dkt. No. 20 at 8. Before opposing defendants' motion, plaintiff dismissed its claims against plaintiff Anna Zevelyov, resolving any question as to complete diversity and mooting

---

represents that it is actively pursuing service. Dkt. No. 48 at 2 n.1.

plaintiff's motion to dismiss for lack of subject matter jurisdiction. Dkt No. 47. The five remaining defendants now argue that the issue is not moot because plaintiff's counsel informed defendants that plaintiff "plans to bring this case against Mr. Zevelyov again in state court," and that defendants will remove any such related proceeding to federal court. Dkt. No. 54 at 4. Defendants further argue that Anna Zevelyov is "an integral part" of all claims such that the lawsuit cannot proceed without her. *Id.*

The complaint alleges complete diversity of citizenship, as well as the minimum amount in controversy. *See* Compl. ¶¶ 1, 3, 5, 6, 20, 21, 24. Defendants cite no authority in support of their position that the court may dismiss for lack of subject matter under these circumstances. The court declines to dismiss for lack of subject matter based on solely on plaintiff's speculation as to future events.

### B. Personal Jurisdiction

In response to a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). When a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts, which, if true, would be sufficient to establish personal jurisdiction. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). If not directly controverted, the plaintiff's version of the facts is taken as true for the purposes of the motion. *Id.* Conflicts between the facts stated in the parties' affidavits are to be resolved in plaintiff's favor. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002); *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000).

Plaintiff asserts that the court has general personal jurisdiction over Andrey Klimov, Yulia Klimova, and Anna Stebleva, arguing that these defendants were "doing business in California." Dkt. No. 48 at 15-16. Plaintiff also asserts that the court has specific personal jurisdiction over all five defendants based on 1) letters from counsel threatening litigation and 2) defendants'

relationships with Artec Group, Inc. Dkt. No. 48 at 16-20. The court finds specific personal jurisdiction over Andrey Klimov, Yulia Klimova, and Anna Stebleva, but finds no basis for the exercise of personal jurisdiction over ID-Star and A-Star. Because the court finds that it has specific personal jurisdiction over the individual defendants, this opinion does not address general personal jurisdiction.

For specific personal jurisdiction to exist, the relationship between defendant and the forum "must arise out of contacts that the 'defendant *himself* 'creates with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1122, 188 L. Ed. 2d 12 (2014) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985)). The analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 134 S. Ct. at 1122. The Ninth Circuit has articulated the following three-prong test for analyzing a claim of specific jurisdiction: (1) The non-resident defendant must purposefully direct activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws; (2) the claim must be one which arises out of or is related to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff must prove the first two prongs, at which point, "the burden shifts to the defendant to set forth a compelling case that the exercise of jurisdiction would not be reasonable." *Picot v. Weston,* 780 F.3d 1206, 1211-12 (2015) (quotations omitted).

**1. Letters from Counsel**

In plaintiff's view, all five defendants have "purposefully availed and directed themselves to the benefits and protections of the forum" by threatening litigation against plaintiff in correspondence from counsel. Dkt. No. 48 at 9. In contrast, defendants view the letters as "merely random and attenuated contact" that does not constitute invocation of the benefits and protections of the forum state courts and law. Dkt. 20 at 15 (citing *Picot v. Weston*, 780 F.3d 1206 (9th Cir. 2015)). The court is not persuaded that the letters cited by plaintiff, by themselves, support a

4

15-cv-03449-RMW
ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS
FC

finding of specific personal jurisdiction.

Plaintiff cites six letters in total. Dkt. No. 48 at 9-13. The first letter and second letters are both sent on behalf of "Ms. Yulia Klimova, Mr. Andrey Klimov, Ms. Anna Stebleva and Ms. Anna Zevelyov, co-founders and shareholders of A-STAR LLC." Dkt. Nos. 51-1; 51-2. The first letter is addressed to Mr. Leonard Grayver, counsel for plaintiff, and demands that Mr. Grayver withdraw from representation of Artec Group, Inc. and other Artec Companies. Dkt. Nos. 51-1.[2] The second is addressed to law firm of Greenberg Whitcombe, Takeuchi, Gibson & Grayver LLP and demands that the firm cease representation of Artec Group, Inc. and other Artec companies. 51-2. The third, fifth, and sixth letters cited by plaintiff are sent on behalf Mr. Andrey Klimov only and involve shareholder demands on Artec Group, Inc. *See* Dkt Nos. 51-3; 52-1; 52-2.

The court finds that these five letters cannot support jurisdiction over any defendant because plaintiff's claims do not arise out of or relate to either shareholder demands or demands that plaintiff's counsel withdraw from representation. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) ("claim must be one which arises out of or is related to the defendant's forum-related activities"). Plaintiff does not assert that it would have suffered the harms alleged in the complaint "but for" these demands; therefore, the second prong of the specific jurisdiction test cannot be met. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998).

The fourth letter cited by plaintiff is sent on behalf "Ms. Yulia Klimova, Mr. Andrey Klimov, Ms. Anna Stebleva and Ms. Anna Zevelyov, co-founders and shareholders of A-STAR LLC and ID-WISE SIA." This letter is a cease and desist letter, threatening to "bring a lawsuit against Artec Group" if the president, corporate counsel, and Artec Group, Inc. itself, do not "cease and formally withdraw all defamatory libelous and slanderous claims" that the products of A-Star and ID-Wise "infringe on your intellectual property, are stolen or counterfeit." Dkt. No. 51-

---

[2] The court notes that plaintiff's opposition lists the document filed as Exhibit B to the Grayver Declaration (Dkt. No. 52-2) twice, citing to it as "Letter One" and "Letter Two." *See* Dkt. No. 48 at 9-10. The court believes this is a typographical error, and that plaintiff intends to refer to Exhibit A to the Grayver Declaration (Dkt. No. 51-1) as "Letter One."

4. While this letter relates to the claims of the complaint, the court finds that under *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006), the fourth letter does not constitute purposeful availment or direction.

In support of this argument, plaintiff relies on two Ninth Circuit opinions on specific personal jurisdiction—*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006) and *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082 (9th Cir. 2000). The *Yahoo!* court noted that a cease and desist letter may serve as the basis for personal jurisdiction, but distinguished between "a normal cease and desist letter" and one that was "abusive, tortious or otherwise wrongful." 433 F.3d at 1208-09 (distinguishing normal letter from those at issue in *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082 (9th Cir. 2000)). The *Yahoo!* court noted that there are "strong policy reasons to encourage cease and desist letters" because such letters may be used to "facilitate resolution of a dispute without resort to litigation." 433 F.3d at 1208. The court held that a "cease and desist letter is not in and of itself sufficient to establish personal jurisdiction over the sender of the letter." *Id.*

Plaintiff alleges that, like the letters in *Bancroft*, the letters at issue in this case directed plaintiff to perform significant acts in California, and therefore did "more than warn or threaten." *See* Dkt. No. 48 at 13-14. The *Bancroft* letter would have operated automatically to prevent [plaintiff] from using its website had [plaintiff] not filed suit." 223 F.3d at 1089. Plaintiff's argument is that defendants' letters have caused "Artec California to act in response to their shareholder demands." Dkt. No. 48 at 14.

However, as explained above, plaintiff's claims do not arise from shareholder demands. Plaintiff offers no explanation for how the fourth letter does more "more than warn or threaten." Therefore, the court views this letter as a "normal" cease and desist letters that does not establish specific personal jurisdiction. *Yahoo!*, 433 F.3d at 1208-09; *see also Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1361 (Fed. Cir. 2001) ("We have, however, repeatedly held that the sending of an infringement letter [threatening patent litigation], without more, is insufficient to satisfy the requirements of due process when exercising jurisdiction over an out-of-state patentee.").

### 2. Relationships with Artec Group, Inc.

Plaintiff also asserts that specific personal jurisdiction exists as to all defendants based on defendants' relationship with plaintiff. The court finds that all three prongs of the test for specific personal jurisdiction are met.

#### a. Purposeful Availment or Direction

The first prong of specific jurisdiction is treated somewhat differently in tort and contract cases. In contract cases, the inquiry concerns whether a defendant "purposefully avails itself of the privilege of conducting activities" or "consummate[s][a] transaction" in the forum, focusing on activities such as delivering goods or executing a contract. *See Schwarzenegger*, 374 F.3d at 802.

By contrast, in tort cases, the inquiry is typically whether a defendant "purposefully direct[s] his activities" at the forum state. Courts apply the *Calder* "effects" test, which focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum. *See Schwarzenegger,* 374 F.3d at 803 (citing *Calder v. Jones,* 465 U.S. 783, 789-90 (1984)). The Ninth Circuit has interpreted *Calder* to impose three requirements. The defendant must have (1) committed an intentional act, (2) expressly aimed at the forum state, which (3) causes harm that the defendant knew was likely to be suffered in the forum state. *Yahoo!*, 433 F.3d at 1206 (citing *Schwarzenegger*, 374 F.3d at 803).

In this case, plaintiff asserts a variety of claims, including claims sounding in tort and claims in contract, and the parties address both purposeful "availment" and "direction" in their briefs. Dkt. No. 20 at 14-17; Dkt. No. 48 at 26-20. The court finds that the allegations involving the individual defendants are sufficient to establish both purposeful availment for plaintiff's contract claims and purposeful direction for the tort claims under the *Calder* effects test.

#### i. Contract Claims

It is undisputed that the individual defendants were never based in California, and thus the existence of the contracts themselves is not enough to establish purposeful availment. *See Picot v. Weston*, 780 F.3d 1206, 1212-13 (9th Cir. 2015) ("the fact that a contract envisions one party discharging his obligations in the forum state cannot, standing alone, justify the exercise of

jurisdiction over another party to the contract"). Nor do short trips to California taken by individual defendants, regardless of whether they were reimbursed for expenses, suffice by themselves. *Id. at* 1213 (two trips to California of about two weeks each that held "no special place in his performance under the agreement as a whole" did not create "substantial connection" to forum where the bulk of defendant's efforts under the contract were centered in Michigan).

However, in this case, plaintiff has also submitted evidence and declarations alleging that defendants' employment efforts were centered in California. *See, e.g.*, Dkt. No. 50 ¶¶ ¶ 24, 26, 31, 38 (declaration of Artyom Yukhim alleging that defendants' employment included for example, direction of California employees, negotiation of contracts on behalf of a California company, and interaction with counsel and accountants regarding California tax and legal issues). Furthermore, plaintiff has alleged that the employment and non-disclosure contracts specify application of California law (Compl. ¶¶ 40, 41), which strengthens the defendants' contractual ties to the forum. *See Vance's Foods, Inc. v. Special Diets Europe Ltd.*, No. 2:11-CV-02943-MCE, 2012 WL 1353898, at *6 (E.D. Cal. Apr. 16, 2012) ("While the choice-of-law clause is not sufficient by itself to determine that Defendants availed themselves of the benefits and protections of the laws of the forum state, it is a relevant factor.") (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. at 482). Therefore, the court finds sufficient purposeful availment to support the exercise of specific personal jurisdiction over the individual defendants on plaintiff's contract claims.

### ii. Tort Claims

Moreover, under the *Calder* test for tort claims, plaintiff sufficiently alleges purposeful direction. Under the first prong of the *Calder* test, "the defendant must act with the 'intent to perform an actual, physical act in the real world;'" this prong is easily met by plaintiff's allegations in the complaint regarding misappropriation of trade secrets and other intentional torts. *See, e.g.*, *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (quoting *Schwarzenegger,* 374 F.3d at 806 and finding first prong easily met by allegations that defendant spoke with third party about technology).

The second prong of the test is satisfied because defendants directed conduct at a

California-based plaintiff by allegedly violating the terms of the contracts they entered into with plaintiff. *See Thomas Weisel Partners LLC v. BNP Paribas*, No. C 07-6198 MHP, 2008 WL 3977887, at *6 (N.D. Cal. Aug. 26, 2008) ("By allegedly violating the terms of [his employment contract containing confidentiality provision], Chakravarty directed his wrongful conduct at California-based TWP LLC.").

Defendants argue against a finding of purposeful direction based on *Picot v. Weston*. The *Picot* court found that the defendant's tortious conduct was not expressly aimed at California because the alleged oral contract did not have anything to do with California, and all of the defendant's actions were taken "without entering California, contacting any person in California, or otherwise reaching out to California." 780 F.3d at 1215. In this case, however, plaintiff Artec Group, Inc. alleges that the tortious conduct occurred while the three individual defendants held themselves out as officers of the California entity. *See, e.g.*, Compl. ¶ 51; Dkt. No. 50-1, 50-8 (employment agreements); Dkt. No. 50-10 (email where Anna Stebleva's title is listed as "Vice President, Business Development, Artec Group, Inc."); Dkt. No. 50-2 (email from Yulia Klimova regarding California sales and taxes and listing her title as "Chief Financial Officer" with an Artec Group email address); Dkt. No. 50-12 (letter signed by Andrey Klimov as CEO of Artec Group, Inc.); Dkt. 51-1 (counsel for defendants referring to Mr. Klimov as "Director and CEO, as well as shareholder"). Moreover, plaintiff alleges that defendants' tortious conduct violates the terms of agreements that are explicitly governed by California law. *See, e.g.*, Compl. ¶¶ 40, 41; Dkt. No. 50-1 at 11. Therefore, the court finds that allegedly tortious conduct was expressly aimed at the forum.

The third *Calder* test element is also met. As noted above, plaintiff produced evidence that the individual defendants performed work for Artec Group, Inc. in some executive capacity. All three individual defendants would have some understanding of the business relationships affected by their alleged breach of the agreements, and they would know that harm was likely to be suffered in California. *See Thomas Weisel Partners*, 2008 WL 3977887 at *6 ("Chakravarty, as Director of Discovery Research, understood the business relationship between TWP LLC and

TWIPL and that his alleged conduct would directly harm TWP LLC."). Accordingly, the court concludes that the purposeful direction element is satisfied as to the three remaining individual defendants.

### b. Arises Out Of

The second prong of the test for specific jurisdiction requires that the claim against the defendant be one which arises out of or relates to the defendant's forum-related activities. This is "measured in terms of but for causation." *Bancroft*, 223 F.3d at 1088, *see also Panavision*, 141 F.3d at 1322 ("We must determine if the plaintiff.... would not have been injured but for the defendant's ... conduct directed toward [plaintiff] in [the forum]."). Here, plaintiff alleges that the defendants' activities caused harm in this district which would not have otherwise arisen absent the employment relationships with plaintiff. Defendants do not challenge this prong of the specific jurisdiction test. Therefore, the court finds that the "arising out of" requirement is met.

### c. Fair Play and Substantial Justice

The third prong of the test for specific jurisdiction provides that the exercise of personal jurisdiction must comport with fair play and substantial justice. Jurisdiction is presumed to be reasonable once the first two prongs of the specific jurisdiction test have been met. *See Schwarzenegger*, 374 F.3d at 802. The court considers the following seven factors:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. None of the factors is dispositive in itself; instead, [the court] must balance all seven.

*Core–Vent Corp. v. Nobel Industries*, 11 F.3d 1482, 1487-88 (9th Cir. 1993). Defendants argue that the exercise of personal jurisdiction by this court would be unreasonable based on these factors. Dkt. No. 20 at 17-19. The court disagrees.

Although the individual defendants are located in Russia, the degree of interjection into the forum state's affairs is somewhat more than minimal here. Accepting plaintiff's factual allegations as true, the individual defendants have interjected themselves by entering into employment

10

contracts with a California company. The contracts are governed by California law. The court acknowledges that it will be burdensome for defendants to litigate in the Northern District of California. *See, e.g.*, *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano City*, 480 U.S. 102, 114 (1987)("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders."). However, "[m]odern advances in communications and transportation have significantly reduced the burden of litigating in another country." *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1199 (9th Cir. 1988). Courts routinely reject claims by foreign defendants that it would be too burdensome for them to defend themselves outside their home country, particularly when those companies "use technology and transportation to carry on the business relationship at issue." *Pandigital, Inc. v. DistriPartners B.V.*, No. C 12–01588–CW, 2012 WL 6553998, at *4 (N.D. Cal. Dec. 14, 2012).

Defendants have not identified a conflict with any other sovereignty, which weighs in favor of jurisdiction. California has a strong interest in providing its residents a convenient forum for redressing injuries caused by out-of-state defendants. *See, e.g.*, *Burger King Corp. v. Rudzewicz*, 471 U.S. at 473 (recognizing a state's "manifest interest" in providing a convenient forum for residents). Defendants have not shown that another jurisdiction would be more efficient for resolving this dispute, and it appears that relevant documents and witnesses may be found in both districts.

Although defendants bear the overall burden to show that exercise of personal jurisdiction would be unreasonable, plaintiff "bears the burden of proving the unavailability of an alternative forum." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1133-34 (9th Cir. 2003) (citing *Core–Vent Corp.*, 11 F.3d at 490.). Plaintiff concedes that "any forum is in theory available," but argues that California is the appropriate place to adjudicate California law. This factor is neutral.

On balance, the court concludes that the exercise of personal jurisdiction sufficiently comports with substantial justice and fair play.

11
15-cv-03449-RMW
ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS
FC

### C. Corporate Defendants

Plaintiff claims that the court has personal jurisdiction over A-Star and ID-Wise because these companies "are the alter-egos of Klimov and his co-conspirators, all of whom are among the founders and shareholders of these two companies." Dkt. No. 48 at 8-9. Although contacts may be attributed to an alter ego for purposes of determining personal jurisdiction, in order to make a sufficient showing as to alter ego, a plaintiff "must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." *Harris Rutsky & Co. Ins. Services*, 328 F. 3d at 1134 (internal citations omitted). Plaintiff's bare allegations that A-Star and ID-Wise are alter egos of the individual defendants are insufficient. *See Hall v. Club Corp. of Am.*, 33 F. App'x 873, 875 (9th Cir. 2002) (allegation that defendant entity is the "alter ego" of another entity "would not, *per se*, confer specific jurisdiction over the former entity"); *In re Conseco Life Ins. Co .Life Trend Ins. Mktg. & Sales Practice Litig.*, No. C 10-MD-02124 SI, 2013 WL 6073425, at *6 (N.D. Cal. Nov. 18, 2013) ("plaintiffs have not demonstrated that the Court can exercise general or specific jurisdiction over these defendants, absent a showing that they are the agent or alter ego of defendant Conseco Life"). Despite its finding that it has specific personal jurisdiction over the three individual defendants, the court finds no basis to impute the contacts of the individuals to the two corporate defendants.

### D. Venue

Where federal subject matter jurisdiction is based on diversity, venue is proper in only the following judicial districts: (1) if all defendants reside in the same state, a district where any defendant resides; or (2) a district in which a "substantial part of the events or omissions" on which the claim is based occurred; or (3) if there is no district in which the action may otherwise be brought, "a district in which the defendants are subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(b). Plaintiff has alleged that venue is proper in the Northern District under 28 U.S.C. § 1391(b)(2) on the grounds that "a substantial part of the events or omissions giving rise to ARTEC's claim occurred in the district." Compl. ¶ 25. The

1  statute "does not require that a majority of the events have occurred in the district where suit is

2  filed, nor does it require that the events in that district predominate." *Rodriguez v. Cal. Highway*

3  *Patrol,* 89 F. Supp. 2d 1131, 1136 (N.D. Cal .2000). Venue is proper if "*significant* events or

4  omissions material to the plaintiff's claim must have occurred in the district in question, even if

5  other material events occurred elsewhere." *Richmond Techs., Inc. v. Aumtech Bus. Solutions,* 2011

6  WL 2607158, at *10 (N.D. Cal. July 1, 2011) (citation omitted; emphasis in original).

7        Defendants argue that because the complaint alleges that the individual defendants are

8  residents of Russia, it does not include allegations as to events or omissions occurring in this

9  district. Dkt. 20 at 19-20. However, in California, the locus of the injury is a relevant factor in a

10 tort action. *Myers v. Bennett Law Offices,* 238 F.3d 1068, 1076 (9th Cir.2001) ("at least one of the

11 'harms' suffered by Plaintiffs is akin to the tort of invasion of privacy and was felt in Nevada.

12 Accordingly, a substantial part of the events giving rise to the claim occurred in Nevada."). Here,

13 Artec Group, Inc. is a California corporation with its principal place of business located within the

14 Northern District of California. Compl. ¶ 1. Therefore, the harm plaintiff alleges to have suffered

15 as a result of defendants' conduct was felt in the Northern District of California. *See San*

16 *Francisco Residence Club, Inc. v. Leader Bulso & Nolan, PLC*, No. C-13-0844 EMC, 2013 WL

17 2050884, at *5 (N.D. Cal. May 14, 2013) ("Finally, and most importantly, the harms suffered by

18 Plaintiffs are in large part torts (*e.g.,* breach of fiduciary duty and malpractice) and were felt in

19 California, where they reside, which under Ninth Circuit law, is enough to satisfy the 'substantial

20 part of the events' test."); *California Closet Co. v. Ebben*, No. C 08-0625, 2008 WL 1766767, at

21 *7 (N.D. Cal. Apr. 15, 2008) (finding venue proper where plaintiff's claims arose out of the

22 franchise agreement or the franchise relationship with California plaintiff).

23       Moreover, the venue statute includes a fallback provision that allows a civil action to be

24 brought in "any judicial district in which any defendant is subject to the court's personal

25 jurisdiction with respect to such action," in the case that "there is no district in which an action

26 may otherwise be brought." 28 U.S.C. § 1391(b)(3). Plaintiff has established that there is specific

27 personal jurisdiction over the individual defendants, and defendants have not suggested that there

28

13
15-cv-03449-RMW
ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS
FC

is any other district in which this action might be brought. Therefore, the court finds that venue is proper in the Northern District of California as to the claims against Andrey Klimov, Yulia Klimova, and Anna Stebleva.

### III.   CONCLUSION

For the foregoing reasons, the court grants defendants' motion to dismiss as to defendants ID-Wise and A-Star ID with leave to amend. The court denies defendants' motion to dismiss as to defendants Andrey Klimov, Yulia Klimova, and Anna Stebleva.

**IT IS SO ORDERED.**

Dated: December 22, 2015

*Ronald M. Whyte*
Ronald M. Whyte
United States District Judge