UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARTEC GROUP, INC., <br>     Plaintiff, <br> v. <br> ANDREY KLIMOV, et al., <br>     Defendants. | Case No. 15-cv-03449-RMW <br><br> **ORDER RE PLAINTIFF'S MOTION FOR PRESERVATION ORDER** <br><br> Re: Dkt. No. 120, 138 |

Plaintiff Artec Group, Inc. brings this action against defendants Andrey Klimov, Yulia Klimova, Anna Stebleva, A-Star LLC, ID-Wise SIA, and Axon Business Systems, alleging trade secret misappropriation and a variety of related contract and tort claims. *See* Dkt. No. 80. Plaintiff now moves for an order governing defendants' receipt and handling of a Thor3D scanner. Defendants Andrey Klimov, Yulia Klimova, Anna Stebleva, A-Star LLC, ID-Wise SIA oppose the motion for a preservation order. Defendants' motion for leave to file a surreply in order to respond to a "new issue" raised on reply is denied because plaintiff indicated its willingness to bear the costs of maintaining the scanner in the custody of a neutral third party in its motion. *See* Dkt. No. 120 at 12. The court finds plaintiff's motion for a preservation order suitable for determination without oral argument and hereby grants in part and denies in part the requested order. If the subject Thor3d scanner is released to defendants or anyone acting in concert with

1

15-cv-03449-RMW
ORDER RE PLAINTIFF'S MOTION FOR PRESERVATION ORDER
FC

them, defendants' U.S. attorneys will take possession of the subject scanner and maintain it without modification and not release it to any third party absent written agreement of the parties or order of this court.

## I. BACKGROUND

According to plaintiff, defendants manufacture and/or sell a Thor3D Scanner that incorporates misappropriated trade secrets. Pursuant to an order of the Dusseldorf Regional Court in Germany, a court-appointed expert confiscated a Thor3D Scanner from defendant Andrey Klimov at a trade fair on September 23, 2015. The expert also copied related files and software from Andrey Klimov's computers and USB stick onto another USB device for later inspection. The scanner and copied materials have been in the custody of the court-appointed expert since then. Plaintiff anticipates that an August 25, 2016 ruling by the Dusseldorf Appeal Court will trigger the release of the scanner to Andrey Klimov or his counsel in Germany. Plaintiff seeks an order (1) prohibiting defendants from opening "any package, including shipping packaging, containing the Thor3d Scanner," (2) requiring defendants to preserve the scanner "to the fullest extent possible," and (3) requiring defendants to direct the court-appointed expert to "deliver the Confiscated Scanner to a jointly agreed upon neutral third party until such time that this Court authorizes release of the Confiscated Scanner" if the scanner is released. Dkt. No. 120-2. In opposition to plaintiff's motion, defendants state that "Defendants' U.S. attorneys have indicated to Plaintiff that they will take and maintain the custody and control of the scanner." Dkt. No. 126 at 2.

## II. ANALYSIS

"Federal courts have the implied or inherent power to issue preservation orders as part of their general authority 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1071 (C.D. Cal. 2009) (quoting *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 135 (2004)). Such powers "must be exercised with restraint and discretion." *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)); *see also* Fed. R. Civ. P. 26(f) advisory committee's note (2006) ("The requirement that

the parties discuss preservation does not imply that courts should routinely enter preservation orders."). "Once a complaint is filed, parties to a lawsuit are 'under a duty to preserve evidence that is relevant or could reasonably lead to the discovery of admissible evidence.'" *Bright Solutions for Dyslexia, Inc. v. Doe 1*, No. 15-CV-01618-JSC, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015) (quoting *Echostar Satellite LLC v. Freetech, Inc.*, No. C 07-06124 JW, 2009 WL 8399038, at *2 (N.D. Cal. Jan. 22, 2009)); *see also Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006)). "This obligation, backed by the court's power to impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the preservation of relevant evidence." *Id.* (quoting *Young v. Facebook, Inc.,* No. No. 5:10–cv–03579–JF/PVT, 2010 WL 3564847, at *1 (N.D. Cal. Sept. 13, 2010)). "Before additional measures to preserve evidence are implemented, there must be some showing that there is reason for the court to be concerned that potentially relevant evidence is not being preserved and that the opposing party may be harmed as a result." *Young*, 2010 WL 3564847, at *1.

In determining whether to issue a preservation order, courts in this circuit generally consider three factors:

> (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of the evidence absent an order directing preservation; and (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved.

*Bright Solutions for Dyslexia, Inc. v. Doe 1*, No. 15-CV-01618-JSC, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015) (quoting *Echostar Satellite LLC v. Freetech, Inc.*, No. C 07-06124 JW, 2009 WL 8399038, at *2 (N.D. Cal. Jan. 22, 2009)); *see also Jardin v. Datallegro, Inc.*, No. 08CV1462IEGRBB, 2008 WL 4104473, at *1 (S.D. Cal. Sept. 3, 2008).[1] Having considered these

---

[1] Other courts have employed a two-prong standard requiring the party seeking a preservation order to demonstrate that "it is necessary and not unduly burdensome." *Am. LegalNet*, 673 F. Supp. 2d at 1071-72 (citing *Laguna*, 60 Fed. Cl. at 138). The distinction between these tests is "more apparent than real." *Id.* (quoting *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 370 (S.D.N.Y. 2006)). The court concludes finds that plaintiff has not met its burden even under the "necessary and not unduly burdensome standard" because plaintiff has not shown that the requested preservation order is necessary.

factors, the court is not persuaded that the circumstances of this case warrant the issuance of a preservation order as requested.

### A. Concern for Continuing Existence and Maintenance of Integrity of Evidence

Plaintiff's concern as to the continued existence and maintenance of the integrity of the evidence arises out of defendants' position that the scanner is not relevant to this action. Defendants object to plaintiff's request for inspection of the scanner on relevance grounds. Defendants represent, however, that "[r]egardless of their view of the Scanner's relevance to the issues in this case, Defendants and their attorney have complied and will continue to comply with their duty to preserve the Scanner." Dkt. No. 126 at 7; *see also* Dkt. No. 115, Joint Case Management Statement filed July 15, 2016, ("The parties acknowledge their obligations regarding evidence preservation and agree to abide by such obligations"). Plaintiff has not responded to defendants representations with any evidence to the contrary. *See Echostar*, 2009 WL 8399038, at *2 ("Plaintiffs have not responded with a showing that, despite Defendant's contention to the contrary, such evidence spoliation is, in fact, occurring.").

Plaintiff also contends that defendants have an incentive to "sanitize" the scanner, noting that although the German court-appointed expert did not inspect the scanner itself, he did find Artec Group copyrighted materials in the files and software copied from Andrey Klimov's devices. Dkt. No. 37 at 6. Even if the expert report is relevant to plaintiff's claims of trade secret misappropriation, "proof of a probability of success in the litigation" is not considered in determining whether a preservation order should issue. *See Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1072 n.10 (C.D. Cal. 2009). Plaintiff presents no evidence that defendants have spoliated evidence or intend to do so in the future, and the court is not convinced that the possibility that defendants might benefit from spoliating evidence justifies a preservation order. *See Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 437-38 (W.D. Pa. 2004) ("[T]he Court's level of concern for the loss or degradation of the evidence in question is not sufficiently elevated based upon the lack of the presence of a <u>specific, imminent threat supported by the record</u>.") (emphasis added).

### B. Likelihood of Irreparable Harm

Plaintiff argues that not only that it will be irreparably harmed if the scanner is altered or destroyed, but also that "any break in the neutral and clean chain of custody" would constitute irreparable harm. Dkt. No. 137 at 7. Plaintiff emphasizes that the scanner does not have a serial number or other unique identifier, so plaintiff will have no way of knowing if defendants produce the same scanner for inspection.

As noted above, plaintiff has not supplied the court with evidence of a specific, imminent threat to preservation of the scanner itself. The court is not persuaded that plaintiff is entitled to a preservation order for purposes of maintaining the chain of custody for the scanner. Evidence in civil cases often remains in the custody of the parties, and most evidence does not bear a serial number or other unique identifier. Plaintiff has not made a showing of irreparable harm beyond the risk of spoliation of evidence that exists in all cases.

Plaintiff suggests that "[m]aintaining a clean chain of custody on this particular device may avoid expensive satellite litigation regarding whether it has been tampered with." Dkt. No. 120 at 12. The interests of both parties are likely best be served by an agreement to place the scanner in the hands of a third party, but plaintiff has not established a likelihood of irreparable harm that exceeds the likelihood of harm faced by any other litigant. *See Young v. Facebook, Inc.*, No. 5:10-CV-03579-JF/PVT, 2010 WL 3564847, at *1 (N.D. Cal. Sept. 13, 2010) ("Plaintiff does not demonstrate why extraordinary preservation requirements are necessary to prevent the destruction of relevant evidence in the instant case. Absent such a showing, a preservation order would be premature."). If defendants fail to comply with their preservation obligations, plaintiff may pursue sanctions or other remedies.

### C. Capability of Parties to Maintain Evidence

Similarly, plaintiff makes no showing that defendants are incapable of preserving the evidence. The court has already rejected plaintiff's contention that defendants are incapable of maintaining "a clean chain of custody for this particular device;" defendants may authenticate the scanner through declarations or other evidence.

The cases cited by plaintiff do not suggest that an order requiring defendants to send the scanner to a third party is appropriate under these circumstances. In *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, for example, the court ordered defendants to preserve evidence that was "in their possession, custody, or control." 907 F. Supp. 2d 1086, 1101 (N.D. Cal). Defendants in this case acknowledge their existing obligation to preserve discoverable evidence—including the scanner in question. The court has no basis for concluding that defendants are incapable of fulfilling these obligations.

In *Zaccone v. Ford Motor Co.*, the parties indicated that "that they would consent to GEICO bearing the burden of preserving" the vehicle in question, yet the court declined to order the release of the vehicle "[w]it0000000000000000000000000000000000000000hout more details from the parties." No. 2:15-CV-287-FTM-38CM, 2016 WL 2744837, at *3 (M.D. Fla. May 11, 2016). The court recognized plaintiff's "concerns with respect to Defendant taking possession of the vehicle," but found it preferable to task defendant "with the duty and responsibility" of preserving the evidence, rather than a third party with "no connection to the subject litigation." *Id.* Although defendants in this case have expressed a willingness to bear the costs of engaging a third party, the court is not inclined to order defendants to release the scanner to an unidentified third party without additional details and in the absence of defendants consent to such an arrangement, particularly where plaintiff has not established any of the factors necessary to support the preservation order as requested.

### III.  CONCLUSION

For these reasons, plaintiff's motion for a preservation order is granted in part and denied in part denied. If the subject Thor3d scanner is released to defendants or anyone acting in concert with them, defendants' U.S. attorneys will take possession of the subject scanner and maintain it without modification and not release it to any third party absent written agreement of the parties or order of this court.

The court notes that discovery disputes are subject to Judge Lloyd's Standing Order re Civil Discovery Disputes. *See* Dkt. No. 93, Protective Order, at 17. Judge Lloyd's Standing Order

6

15-cv-03449-RMW
ORDER RE PLAINTIFF'S MOTION FOR PRESERVATION ORDER
FC

is available on the court's website at http://www.cand.uscourts.gov/hrlorders. The court also notes its prior order indicating that if the parties do not cooperate on discovery, the court may appoint a referee and allocate costs based on the parties conduct. *See* Dkt. No. 118 at 2. The parties do not appear to have cooperated in an effort to resolve the instant dispute. If the parties expect, or the court finds, that the parties will require the ongoing assistance of a neutral decision-maker for discovery disputes, they should submit a joint proposal for the appointment of a special master for discovery.

**IT IS SO ORDERED.**

Dated: August 25, 2016

_____
Ronald M. Whyte
United States District Judge