Louise Ann Fernandez, Esq. – SBN 86263
Email: laf@jmbm.com
An Nguyen Ruda, Esq. – SBN 215453
Email: ahn@jmbm.com
JEFFER MANGELS BUTLER & MITCHELL LLP
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone: (415) 984-9613
Facsimile: (310) 712-3364

Benjamin Davidson, Esq. – SBN 241859
Email: bdavidson@bendavidsonlaw.com
LAW OFFICES OF BENJAMIN DAVIDSON, P.C.
8383 Wilshire Boulevard, Suite 800
Beverly Hills, CA 90211
Telephone: (323) 456-8647
Facsimile: (310) 432-0104

Attorneys for Plaintiff
ARTEC GROUP, INC.

Oly Roma Filatova, Esq. – SBN 243734
Email: attorney.filatova@gmail.com
LAW OFFICES OF OLY FILATOVA
Opera Plaza
601 Van Ness Avenue, Suite 2052
San Francisco, CA 94102
Telephone: (415) 568-8677
Facsimile: (415) 484-7883

Attorneys for Defendants
ANDREY KLIMOV; YULIA KLIMOVA;
ANNA STEBLEVA; A-STAR LLC; and ID-WISE SIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ARTEC GROUP, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREY KLIMOV, et al.<br><br>Defendants. | Case No. 15-cv-03449-<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**<br><br>Trial Date:  None Set<br><br>Action Filed:  July 27, 2015 |

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

1  Protective Order. The parties acknowledge that this Order does not confer blanket protections on

2  all disclosures or responses to discovery and that the protection it affords from public disclosure

3  and use extends only to the limited information or items that are entitled to confidential treatment

4  under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4,

5  below, that this Stipulated Protective Order does not entitle them to file confidential information

6  under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards

7  that will be applied when a party seeks permission from the court to file material under seal.

8  2.      DEFINITIONS

9          2.1      Challenging Party: a Party or Non-Party that challenges the designation of

10  information or items under this Order.

11          2.2      "CONFIDENTIAL" Information or Items: information (regardless of how it is

12  generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

13  of Civil Procedure 26(c).

14          2.3      Counsel (without qualifier): Outside Counsel and House Counsel (as well as their

15  support staff).

16          2.4      Designated House Counsel: House Counsel who seek access to "HIGHLY

17  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

18  CODE" information in this matter.

19          2.5      Designating Party: a Party or Non-Party that designates information or items that it

20  produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY

21  CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

22  CODE."

23          2.6      Disclosure or Discovery Material: all items or information, regardless of the

24  medium or manner in which it is generated, stored, or maintained (including, among other things,

25  testimony, transcripts, and tangible things), that are produced or generated in disclosures or

26  responses to discovery in this matter.

27          2.7      Expert: a person with specialized knowledge or experience in a matter pertinent to

28  the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as

1  a consultant in this action, (2) is not a past or current employee of a Party or of a Party's

2  competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or

3  of a Party's competitor.

4      2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

5  Items: extremely sensitive "Confidential Information or Items," disclosure of which to another

6  Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

7  less restrictive means.

8      2.9     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely

9  sensitive "Confidential Information or Items" representing computer code and associated

10  comments and revision histories, formulas, engineering specifications, or schematics that define or

11  otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure

12  of which to another Party or Non-Party would create a substantial risk of serious harm that could

13  not be avoided by less restrictive means.

14      2.10    House Counsel: attorneys who are employees of any of the "Artec Group of

15  Companies," as defined in the operative Complaint or employees of ID-WISE SIA or A-STAR

16  LLC.  House Counsel does not include Outside Counsel.

17      2.11    Non-Party: any natural person, partnership, corporation, association, or other legal

18  entity not named as a Party to this action.

19      2.11    Outside Counsel: The term "Outside Counsel" means attorneys (including litigation

20  and clerical support staff thereof) who are not employees of a Party to this Litigation but are

21  retained to represent or advise a Party in connection with the subject matter of this Litigation.  The

22  term "Outside Counsel" includes outside counsel of record who have appeared in this action on

23  behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, as

24  well as other retained counsel that has not appeared but has executed the "Acknowledgement and

25  Agreement to Be Bound" (Exhibit A).

26      2.13    Party: any party to this action, including all of its officers, directors, employees,

27  consultants, retained experts, and Outside Counsel (and their support staffs).

28

2.14   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims

1  and defenses in this action, with or without prejudice; and (2) final judgment herein after the

2  completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

3  including the time limits for filing any motions or applications for extension of time pursuant to

4  applicable law. For a period of six months after final disposition of this litigation, this court will retain jurisdiction to enforce the terms of this order.

5  5.    DESIGNATING PROTECTED MATERIAL

6         5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party

7  or Non-Party that designates information or items for protection under this Order must take care to

8  limit any such designation to specific material that qualifies under the appropriate standards. To

9  the extent it is practical to do so, the Designating Party must designate for protection only those

10 parts of material, documents, items, or oral or written communications that qualify – so that other

11 portions of the material, documents, items, or communications for which protection is not

12 warranted are not swept unjustifiably within the ambit of this Order.

13        Mass, indiscriminate, or routinized designations are prohibited. Designations that are

14 shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

15 unnecessarily encumber or retard the case development process or to impose unnecessary

16 expenses and burdens on other parties) expose the Designating Party to sanctions.

17        If it comes to a Designating Party's attention that information or items that it designated

18 for protection do not qualify for protection at all or do not qualify for the level of protection

19 initially asserted, that Designating Party must promptly notify all other parties that it is

20 withdrawing the mistaken designation.

21        5.2    Manner and Timing of Designations. Except as otherwise provided in this Order

22 (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

23 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

24 designated before the material is disclosed or produced.

25        Designation in conformity with this Order requires:

26        (a) for information in documentary form (e.g., paper or electronic documents, but

27 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

28 affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

1   ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page by watermark or other

2   label, that contains protected material. If only a portion or portions of the material on a page

3   qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

4   (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level

5   of protection being asserted.

6       A Party or Non-Party that makes original documents or materials available for inspection

7   need not designate them for protection until after the inspecting Party has indicated which material

8   it would like copied and produced. During the inspection and before the designation, all of the

9   material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

10  ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

11  copied and produced, the Producing Party must determine which documents, or portions thereof,

12  qualify for protection under this Order. Then, before producing the specified documents, the

13  Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY

14  CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

15  CODE") to each page that contains Protected Material. If only a portion or portions of the material

16  on a page qualifies for protection, the Producing Party also must clearly identify the protected

17  portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

18  portion, the level of protection being asserted.

19      (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

20  Designating Party identify on the record, before the close of the deposition, hearing, or other

21  proceeding, all protected testimony and specify the level of protection being asserted. When it is

22  impractical to identify separately each portion of testimony that is entitled to protection and it

23  appears that substantial portions of the testimony may qualify for protection, the Designating Party

24  may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right

25  to have up to 21 days following receipt of the transcript to identify the specific portions of the

26  testimony as to which protection is sought and to specify the level of protection being asserted.

27  Only those portions of the testimony that are appropriately designated for protection within the 21

28  days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a

1  Designating Party may specify, at the deposition or up to 21 days following receipt if that period is

2  properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

3  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4  **Parties shall give the other parties notice if they reasonably expect a deposition,**

5  **hearing or other proceeding to include Protected Material so that the other parties can**

6  **ensure that only authorized individuals who have signed the "Acknowledgment and**

7  **Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a**

8  **document as an exhibit at a deposition shall not in any way affect its designation as**

9  **"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or**

10  **"HIGHLY CONFIDENTIAL – SOURCE CODE."**

11  **Transcripts containing Protected Material shall have an obvious legend on the title**

12  **page that the transcript contains Protected Material, and the title page shall be followed by a**

13  **list of all pages (including line numbers as appropriate) that have been designated as**

14  **Protected Material and the level of protection being asserted by the Designating Party. The**

15  **Designating Party shall inform the court reporter of these requirements. Any transcript that**

16  **is prepared before the expiration of a 21-day period for designation shall be treated during**

17  **that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'**

18  **EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the**

19  **transcript shall be treated only as actually designated.**

20  (c) for information produced in some form other than documentary and for any other

21  tangible items, that the Producing Party affix in a prominent place on the exterior of the container

22  or containers in which the information or item is stored the legend "CONFIDENTIAL,"

23  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL –

24  SOURCE CODE." If only a portion or portions of the information or item warrant protection, the

25  Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the

26  level of protection being asserted.

27  5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

28  designate qualified information or items does not, standing alone, waive the Designating Party's

1    right to secure protection under this Order for such material. Upon timely correction of a

2    designation, the Receiving Party must make reasonable efforts to assure that the material is treated

3    in accordance with the provisions of this Order.

4    **6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5         6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of

6    confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

7    designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

8    burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

9    challenge a confidentiality designation by electing not to mount a challenge promptly after the

10    original designation is disclosed.

11         6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution

12    process by providing written notice of each designation it is challenging and describing the basis

13    for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

14    notice must recite that the challenge to confidentiality is being made in accordance with this

15    specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

16    good faith and must begin the process by conferring directly (in voice to voice dialogue; other

17    forms of communication are not sufficient) within 14 days of the date of service of notice unless

18    extended by written agreement of the parties. In conferring, the Challenging Party must explain

19    the basis for its belief that the confidentiality designation was not proper and must give the

20    Designating Party an opportunity to review the designated material, to reconsider the

21    circumstances, and, if no change in designation is offered, to explain the basis for the chosen

22    designation. A Challenging Party may ~~proceed to the next stage of the challenge process~~ seek judicial intervention only if it

23    has engaged in this meet and confer process first or establishes that the Designating Party is

24    unwilling to participate in the meet and confer process in a timely manner. The Challenging Party may serve notice of a challenge at any time for good cause, including challenge of some or all of a deposition transcript.

25         6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court parties shall comply with the undersigned's Standing Order re: Civil Discovery Disputes.

26    intervention, the ~~Designating Party shall file and serve a motion to retain confidentiality under~~ Any Discovery Dispute Joint Report shall affirm compliance with both the terms of paragraph 6.2 in this

27    ~~Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days~~ protective order and subsequent compliance with the separate meet-and-confer requirements in the

28    ~~following receipt of the initial notice of challenge or within 14 days of the parties agreeing that the~~ Standing Order re: Civil Discovery Disputes.

[PROPOSED] STIPULATED PROTECTIVE ORDER
15-cv-03449-

1   ~~meet and confer process will not resolve their dispute, whichever is earlier, unless extended by~~

2   ~~written agreement of the parties. Each such motion must be accompanied by a competent~~

3   ~~declaration affirming that the movant has complied with the meet and confer requirements~~

4   ~~imposed in the preceding paragraph. Failure by the Designating Party to make such a motion~~

5   ~~including the required declaration within 21 days (or 14 days, if applicable), unless extended by~~

6   ~~written agreement, shall automatically waive the confidentiality designation for each challenged~~

7   ~~designation. In addition, the Challenging Party may file a motion challenging a confidentiality~~

8   ~~designation at any time if there is good cause for doing so, including a challenge to the designation~~
    Any Discovery Dispute Report related

9   ~~of a deposition transcript or any portions thereof. Any motion brought pursuant~~ to this provision

10  must be accompanied by a competent declaration affirming that the movant has complied with the
    both paragraph 6.2 of this protective order and the separate

11  meet and confer requirements imposed in ~~the preceding paragraph.~~
    requirements in the Standing Order.

12          The burden of persuasion in any such challenge proceeding shall be on the Designating

13  Party. ~~However, the burden of persuasion shall shift to the Challenging Party to avoid an abuse of~~

14  ~~the process (a) after the Challenging Party makes two (2) consecutive unsuccessful challenges, or~~

15  ~~(b) after the Court rules that any challenge was frivolous or made for an improper purpose (e.g., to~~

16  ~~harass or impose unnecessary expenses and burdens on other parties). The burden of persuasion~~

17  ~~shall shift back to the Designating Party under the same conditions as applicable to the~~

18  ~~Challenging Party.~~

19          Frivolous challenges and those made for an improper purpose may expose the Challenging
    The Designating Party waives confidentiality if a confidentiality designation remains

20  Party to sanctions. ~~Unless the Designating Party has waived the confidentiality designation by~~
    disputed for 4 weeks without either party attempting to seek judicial intervention; otherwise

21  ~~failing to file a motion to retain confidentiality as described above~~, all parties shall continue to

22  afford the material in question the level of protection to which it is entitled under the Producing
    Discovery Dispute Joint Report.

23  Party's designation until the court rules on the ~~challenge.~~

24  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

25          7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or

26  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

27  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

28  the categories of persons and under the conditions described in this Order. When the litigation has

9

1  been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL

2  DISPOSITION).

3        Protected Material must be stored and maintained by a Receiving Party at a location and in

4  a secure manner that ensures that access is limited to the persons authorized under this Order.

5        7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered

6  by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

7  information or item designated "CONFIDENTIAL" only to:

8        (a) the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel

9  to whom it is reasonably necessary to disclose the information for this litigation and who have

10  signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

11        (b) the officers, directors, and employees (including House Counsel) of the Receiving

12  Party to whom disclosure is reasonably necessary for this litigation and who have signed the

13  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14        (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

15  reasonably necessary for this litigation and who have signed the "Acknowledgment and

16  Agreement to Be Bound" (Exhibit A);

17        (d) the court and its personnel;

18        (e) court reporters and their staff, professional jury or trial consultants, mock jurors to

19  further trial preparation, and Professional Vendors to whom disclosure is reasonably necessary for

20  this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

21  A);

22        (f) during their depositions, witnesses in the action to whom disclosure is reasonably

23  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

24  **<u>unless otherwise agreed by the Designating Party or ordered by the court</u>**. Pages of

25  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

26  separately bound by the court reporter and may not be disclosed to anyone except as permitted

27  under this Stipulated Protective Order.

28

1  (g) the author or recipient of a document containing the information or a custodian or other

2  person who otherwise possessed or knew the information.

3  ~~7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and~~

4  ~~"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered~~

5  ~~by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any~~

6  ~~information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or~~

7  ~~"HIGHLY CONFIDENTIAL – SOURCE CODE" only to:~~

8  ~~(a) the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel~~

9  ~~to whom it is reasonably necessary to disclose the information for this litigation and who have~~

10  ~~signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;~~

11  ~~(b) Designated House Counsel of the Receiving Party (1) to whom disclosure is reasonably~~

12  ~~necessary for this litigation, and (2) who has signed the "Acknowledgment and Agreement to Be~~

13  ~~Bound" (Exhibit A);~~

14  ~~(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this~~

15  ~~litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit~~

16  ~~A);~~

17  ~~(d) the court and its personnel;~~

18  ~~(e) court reporters and their staff, professional jury or trial consultants, and Professional~~

19  ~~Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the~~

20  ~~"Acknowledgment and Agreement to Be Bound" (Exhibit A); and~~

21  ~~(f) the author or recipient of a document containing the information or a custodian or other~~

22  ~~person who otherwise possessed or knew the information.~~

23  ~~7.4. "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"~~

24  ~~and "HIGHLY CONFIDENTIAL – SOURCE CODE" information or items may be disclosed to~~

25  ~~an Expert as long as the Expert is not a current officer, director, or employee of a competitor of a~~

26  ~~Party or anticipated to become one.  Such expert shall be required to execute the Acknowledgment~~

27  ~~and Agreement to be Bound as a precondition of receiving such information or items."~~

28

7.3     Disclosure of "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL–SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL–SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Designated House Counsel of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL–SOURCE CODE" Information or Items to Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL–

SOURCE CODE" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL–SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in

1   compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such

2   motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to

3   Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure

4   would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such

5   motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter

6   by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the

7   reasons advanced by the Designating Party for its refusal to approve the disclosure.

8        In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert

9   shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

10   proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House

11   Counsel or Expert.

8.     SOURCE CODE

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4

(c)     Any source code produced in discovery shall be made available for inspection in a format through which it could be reasonably reviewed and searched during normal business hours or other mutually agreeable times at a location that is reasonably convenient for the Receiving Party and any experts to whom the source code may be disclosed. This alternative may be appropriate if the Producing Party and/or its counsel are located in a different jurisdiction than counsel and/or experts for the Receiving Party. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure

1   and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party"

2   and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

3       (e)    The Receiving Party shall maintain a record of any individual who has inspected

4   any portion of the source code in electronic or paper form. The Receiving Party shall maintain all

5   paper copies of any printed portions of the source code in a secured, locked area. The Receiving

6   Party shall not create any electronic or other images of the paper copies and shall not convert any

7   of the information contained in the paper copies into any electronic format. The Receiving Party

8   shall only make additional paper copies if such additional copies are (1) necessary to prepare court

9   filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for

10  deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during

11  a deposition shall be retrieved by the Producing Party at the end of each day and must not be given

12  to or left with a court reporter or any other unauthorized individual.

13      (f) Receiving Party shall provide notice to the Producing Party before including "HIGHLY

14  CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

15  9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

16      LITIGATION

17      If a Party is served with a subpoena or a court order issued in other litigation that compels

18  disclosure of any information or items designated in this action as "CONFIDENTIAL" or

19  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

20  SOURCE CODE" that Party must:

21      (a) promptly notify in writing the Designating Party. Such notification shall include a copy

22  of the subpoena or court order;

23      (b) promptly notify in writing the party who caused the subpoena or order to issue in the

24  other litigation that some or all of the material covered by the subpoena or order is subject to this

25  Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

26      (c) cooperate with respect to all reasonable procedures sought to be pursued by the

27  Designating Party whose Protected Material may be affected.

28

1    If the Designating Party timely seeks a protective order, the Party served with the subpoena

2    or court order shall not produce any information designated in this action as "CONFIDENTIAL"

3    or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

4    CONFIDENTIAL – SOURCE CODE" before a determination by the ~~court from which the~~ appropriate court, see Fed. R.
     Civ. P. 45(d)(3)

5    ~~subpoena or order issued~~, unless the Party has obtained the Designating Party's permission. The

6    Designating Party shall bear the burden and expense of seeking protection in that court of its

7    confidential material – and nothing in these provisions should be construed as authorizing or

8    encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9    **10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS**

10    **LITIGATION**

11    (a)    The terms of this Order are applicable to information produced by a Non-Party in

12    this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

13    ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such

14    information produced by Non-Parties in connection with this litigation is protected by the

15    remedies and relief provided by this Order. Nothing in these provisions should be construed as

16    prohibiting a Non-Party from seeking additional protections.

17    (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-

18    Party's confidential information in its possession, and the Party is subject to an agreement with the

19    Non-Party not to produce the Non-Party's confidential information, then the Party shall:

20    1.    promptly notify in writing the Requesting Party and the Non-Party that some or all

21    of the information requested is subject to a confidentiality agreement with a Non-Party;

22    2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in

23    this litigation, the relevant discovery request(s), and a reasonably specific description of the

24    information requested; and

25    3.    make the information requested available for inspection by the Non-Party.

26    (c)    If the Non-Party fails to object or seek a protective order from this court within 14

27    days of receiving the notice and accompanying information, the Receiving Party may produce the

28    Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

1  seeks a protective order, the Receiving Party shall not produce any information in its possession or

2  control that is subject to the confidentiality agreement with the Non-Party before a determination

3  by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense

4  of seeking protection in this court of its Protected Material.

5  11.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

6       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

7  Material to any person or in any circumstance not authorized under this Stipulated Protective

8  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

9  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

10 Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

11 terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

12 Agreement to Be Bound" that is attached hereto as Exhibit A.

13 12.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

14      MATERIAL

15      When a Producing Party gives notice to Receiving Parties that certain inadvertently

16 produced material is subject to a claim of privilege or other protection, the obligations of the

17 Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  The parties

18 may agree that the recipient of an inadvertent production may not "sequester" or in any way use

19 the document(s) pending resolution of a challenge to the claim of privilege or other protection to

20 the extent it would be otherwise allowed by Federal Rule of Civil Procedure 26(b)(5)(B) as

21 amended in 2006. This could include a restriction against "presenting" the document(s) to the

22 court to challenge the privilege claim as may otherwise be allowed under Rule 26(b)(5)(B) subject

23 to ethical obligations.

24      This provision is not intended to modify whatever procedure may be established in an e-

25 discovery order that provides for production without prior privilege review. Pursuant to Federal

26 Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of

27 disclosure of a communication or information covered by the attorney-client privilege or work

28

1    product protection, the parties may incorporate their agreement in the stipulated protective order

2    submitted to the court.

3    13.    MISCELLANEOUS

4        13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

5    seek its modification by the court in the future.

6        13.2    Right to Assert Other Objections. By stipulating to the entry of this Protective

7    Order no Party waives any right it otherwise would have to object to disclosing or producing any

8    information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

9    Party waives any right to object on any ground to use in evidence of any of the material covered

10    by this Protective Order.

11        13.3    Export Control. Disclosure of Protected Material shall be subject to all applicable

12    laws and regulations relating to the export of technical data contained in such Protected Material,

13    including the release of such technical data to foreign persons or nationals in the United States or

14    elsewhere. The Producing Party shall be responsible for identifying any such controlled technical

15    data, and the Receiving Party shall take measures necessary to ensure compliance.

16        13.4    Filing Protected Material. Without written permission from the Designating Party

17    or a court order secured after appropriate notice to all interested persons, a Party may not file in

18    the public record in this action any Protected Material. A Party that seeks to file under seal any

19    Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

20    under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

21    issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

22    establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

23    otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

24    Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving

25    Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2)

26    unless otherwise instructed by the court.

27

28

1   14.    FINAL DISPOSITION

2        Within 60 days after the final disposition of this action, as defined in paragraph 4, each

3   Receiving Party must return all Protected Material to the Producing Party or destroy such material.

4   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

5   summaries, and any other format reproducing or capturing any of the Protected Material. Whether

6   the Protected Material is returned or destroyed, the Receiving Party must submit a written

7   certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

8   by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected

9   Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained

10  any copies, abstracts, compilations, summaries or any other format reproducing or capturing any

11  of the Protected Material.

12       /// 15. All discovery and disclosure disputes are subject to the undersigned's Standing Order.

13       ///

14       ///

15       ///

16       ///

17       ///

18       ///

19       ///

20       ///

21       ///

22       ///

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER
15-cv-03449·

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED: _____        By: /s/ _____
                                           Louise Ann Fernandez
4                                          An Nguyen Ruda
                                           Jeffer Mangels Butler & Mitchell LLP
5
                                           Benjamin Davidson
6                                          Law Offices of Benjamin Davidson, P.C.

7                                          Attorneys for Plaintiff
                                           ARTEC GROUP, INC.
8

9

10

11   DATED: _____        By: /s/ _____
                                           Oly Filatova
12                                         Law Offices of Oly Filatova
                                           Igor Shoiket
13                                         Dergosits & Noah LLP

14                                         Attorneys for Defendants
                                           ANDREY KLIMOV; YULIA KLIMOVA; ANNA
15                                         STEBLEVA

16

17

18

19

20   PURSUANT TO STIPULATION, IT IS SO ORDERED.
     Regarding paragraph 6.3 (Judicial Intervention), this Court's standing order on discovery does not
21   preclude other requirements if imposed by the magistrate judge to whom discovery has been referred.
     DATED: _____1/27/17_____    _____
22                                        Hon. Edward M. Chen
                                          United States District Judge
23

24                                        IT IS SO ORDERED
                                          AS MODIFIED
25
                                          Judge Edward M. Chen
26

27

28
                          [PROPOSED] STIPULATED PROTECTIVE ORDER
                                       15-cv-03449

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of *Artec Group, Inc. v. Andrey Klimov, et*

*al.*, Northern District of California Case No. 15-cv-03449-HRL.  I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
     [printed name]

Signature: _____
     [signature]