Louise Ann Fernandez, Esq. – SBN 86263
Email: laf@jmbm.com
An Nguyen Ruda, Esq. – SBN 215453
Email: ahn@jmbm.com
JEFFER MANGELS BUTLER &
MITCHELL LLP
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone: (415) 984-9613
Facsimile: (310) 712-3364

Benjamin Davidson, Esq. – SBN 241859
Email: bdavidson@bendavidsonlaw.com
LAW OFFICES OF BENJAMIN
DAVIDSON, P.C.
8383 Wilshire Boulevard, Suite 830
Beverly Hills, CA 90211
Telephone: (323) 713-0010
Facsimile: (323) 488-6888

Attorneys for Plaintiff
ARTEC GROUP, INC.

Andrey Klimov
Klimov117@gmail.com
Defendant in Pro Per

Anna Stebleva
stebleva@gmail.com
Defendant in Pro Per

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

ARTEC GROUP, INC., a California
Corporation,

                    Plaintiff,

        vs.

ANDREY KLIMOV, an individual, et al.,

                    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 15-cv-03449-EMC

**JOINT STATEMENT RE: CASE
MANAGEMENT CONFERENCE**

Assigned to the Hon. Edward M. Chen

Date:  June 8, 2017
Time:  10:30 a.m.
Place:  Courtroom 5, 17th Floor
           San Francisco

Action Filed:  July 27, 2015

Fact Discovery Close:  August 17, 2017

Trial Date:  February 20, 2018

Plaintiff Artec Group, Inc. ("Artec" or "Plaintiff"), on the one hand, and Defendants in Pro Per Andrey Klimov and Anna Stebleva ("Pro Per Defendants"), on the other hand, hereby submit this updated Joint Case Management Statement pursuant to the Civil Minutes of January 26, 2017 (Dkt. 163) and the Court's Case Management and Pretrial Order for Jury Trial (Dkt. 171).

Pro Per Defendant Yulia Dmitrieva [Klimova] is not a party to this Joint Statement. Ms. Dmitrieva did not respond to either Plaintiff's correspondences regarding the drafting and filing of the Joint CMC Statement or to the correspondences of Mr. Klimov and Ms. Stebleva.  She has not provided authorization to e-file on her behalf.

The defaults of Corporate Defendants A-Star LLC, ID-Wise SIA, and Axon Business Systems, LLC (the "Corporate Defendants") were entered on June 1, 2017 (Dkt. 259.)

## A.      JOINT CASE MANAGEMENT STATEMENT.

### 1.      JURISDICTION AND SERVICE.

#### a.      The Klimov Defendants.

Defendants Klimov, Klimova, Stebleva, ID-Wise, and A-Star accepted service via Waiver of the Service of Summons.  (See Dkt. 9.)

On December 22, 2015, the Court denied defendants Klimov, Klimova, Stebleva's motion to dismiss for lack of personal jurisdiction (Dkt. 78).  It granted the motion of defendants A-Star and ID-Wise but granted Plaintiff leave to amend.  Plaintiff filed a First Amended Complaint alleging additional jurisdictional facts on January 15, 2016 (Dkt. 80).

On February 4, 2016, Defendants Klimov, Klimova, Stebleva (joined by A-Star and ID-Wise) filed an Answer to the First Amended Complaint (Dkt. 82).

#### b.      Axon Business Systems.

Plaintiff filed a proof of service for Defendant Axon in the UAE on February 22, 2016 (Dkt. 87).  The Court denied Axon's motion to dismiss for lack of personal jurisdiction but granted as to insufficient service (Dkt. 104.)  Plaintiff subsequently

1

performed a second attempt at service on July 28, 2016 (Dkt. 119), to which Axon raised no objection.  Axon filed an Answer to the First Amended Complaint on February 6, 2017 (Dkt. 174) after the Court denied in part its Rule 12(b)(6) Motion to Dismiss (Dkt. 154).

**2.      FACTS.**

      **a.      Statement of Facts.**

            (1)      Plaintiff's Statement.

The facts are extensively outlined in the First Amended Complaint and in Plaintiff's prior Case Management Statements, and Plaintiff incorporates the same by reference.

            (2)      Pro Per Defendants' Statement.

The facts are outlined in the Answer to the FAC and Defendants' prior Case Management Statements, and Defendants incorporate the same by reference.

All three individual defendants tried very hard to find affordable attorney. All three continue their search, but currently have no choice and are representing themselves.

      **b.      Principal Factual Issues in Dispute.**

            (1)      Plaintiff's Statement.

Plaintiff contends that the following factual issues will need to be resolved:

1. Do the devices that have been and are being developed, sold, and marketed by Defendants rely on Artec's trade secrets and other Confidential Information?

2. Did Defendants acquire Artec's trade secrets through improper means and, if so, was Artec damaged as a result?

3. Were the Individual Defendants bound by and did they breach their Employment Agreement and/or their Noncompetition, Confidentiality, Inventions Agreement ("NCIA") or similar agreements with Artec during their employment?

4. Did the Individual Defendants violate their duties of honesty and loyalty?

5. Were Defendants unjustly enriched by their alleged misappropriation and use of Plaintiff's trade secrets to develop competing products, and/or by converting Artec's products for their own profit?

6. Did the Individual Defendants' conduct breach their implied covenant of good faith and fair dealing with Artec?

7. Did the Individual Defendants solicit Artec's employees to work for them or their companies while serving as Plaintiff's employees, officers/executives, and trusted agents?

8. Did Defendants form and operate a conspiracy for the purpose of misappropriating Artec's trade secrets and Confidential Information?

9. Did Defendants use Plaintiff's trade secrets and Confidential Information to interfere with Artec's contractual relationships?

10. Did Klimov knowingly access and without permission use Artec's data, computers, and networks and without permission take, copy, or use Artec's data?

11. Did Axon breach its obligations under its written distributor agreement with Artec, including  by secretly entering into an agreement with A-Star to sell Artec's trademarked Broadway 3D devices?

12. Did Axon's conduct breach its implied covenant of good faith and fair dealing?

13. Did the individual defendants delete or spoliate evidence belonging to Plaintiff?

14. Does Plaintiff own or possess the trade secrets at issue?

>        (2)        Pro Per Defendants' Statement.

Defendants contend that the following factual issues will need to be resolved:

1. Did Plaitiff indeed have any trade secret or confidential information?

2. Was any claimed information designated as trade secret or confidential at any point or in the usual course of business?

3. Did such claimed confidentiality and/or trade secret designation meet the legal standard for trade secret and confidentiality designation and was there a protectable trade secret?

4. Did Plaintiff make any Defendants aware in any reasonable way that the claimed information was trade secret and/or confidential?

5. Were Defendants in fact aware that any claimed information was a trade secret and/or confidential?

6. Did Plaintiff fabricate any or all of the alleged Employment and Confidentiality Agreements?

7.  Was Artyom Yukhin at all times the acting sole Director, President, CEO, and CFO of

8.  Plainiff, and actually controlled and managed all affairs of Plainiff company?

9.  Did Plaintiff  and its corporate counsel, officers and shareholders manufacture and fabricate corporate records and forge shareholder signatures on those documents?

10. Did Plaintiff and its corporate counsel, officers and shareholders engage in unfair competition and bring this lawsuit frivolously and maliciously solely for the purpose of harassing Defendants?

11. Whether the plaintiff uses the frivolously general name «Artec» for three different entities Artec Group inc, Artec Europe Sarl  (Luxembourg) and Artec Venchures LLC (Russia)

financially and legally not affiliated to mislead the court and explain that one company is the sister company of another company?

12. Does Plaintiff use this similar word «Artec» in different entities in order to mislead the Court in amount of damages?

13. Does the Plaintiff hide from Court that several lawsuites based on the simiular information as the current lawsuite were filled on behalf of these companies Artec Europe Sarl  (Luxembourg) and Artec Venchures LLC (Russia) in three countries: Russia, Luxembourg and Germany?

**3.**   **LEGAL ISSUES.**

**a.**   **Plaintiff's Statement.**

1.  Whether requested remedies are available based on Defendants' conduct.

2.  Whether an award of punitive damages is appropriate.

3.  Whether an award of attorney fees is appropriate.

**b.**   **Pro Per Defendants' Statement.**

1.   Whether Plaintiff's suit is brought without evidentiary support and for the purpos of harassing Defendants and burden them with the cost of frivolous litigation?

2.   Whether an award of attorney fees is appropriate.

3.   Whether an award of punitive damages is appropriate.

## 4.   <u>MOTIONS.</u>

###   a.   <u>Plaintiff's Statement.</u>

Plaintiff is meeting and conferring on several discovery issues with the Pro Per Defendants.

**<u>Depositions</u>**.  The Magistrate had ordered all previously scheduled depositions, including the depositions of the Individual Defendants, to take place in this District between 10 and 21 days after the inspection of May 24, 2017 of the Thor 3d scanner prototype.  Despite meet and confer, Defendants refused to provide dates for deposition within the district as required by the Magistrate's order.  These depositions have been pending since February 2017 as follows: noticed for February 2017 (see Dkt. 158, at pp. 9-10, Dkt. 168 and 172), rescheduled again for March 1-15, 2017 (see id.); then Ordered by Judge Kim to occur no later than 10-21 days after April 28, 2017 following the stay related to counsel's motions to withdraw (see Dkt. 188); and finally Ordered by Judge Kim to occur 10-21 days after the Thor 3d inspection of May 24,2017 (see Dkt. 246) for May 2017.  Each time defendants, either through counsel or in Pro Per, have asserted excuses to delay the depositions often within days of the deposition.  This start and stop has caused Plaintiffs to incur numerous and unnecessary fees and costs.

Instead, Mr. Klimov filed a motion asking the Court to reschedule his deposition in July, and that motion is pending.   for To the extent that the deposition is again moved—for the fourth time—Plaintiff asks that the the Court order the deposition to take place on a date certain in July, and to permit a default if Mr. Klimov does not appear on that date as ordered.  Plaintiff would request the same order of other individual defendants.

**Mis-designation of Documents**.  Plaintiff has continued to meet and confer regarding the mis-designation by Defendants' former counsel of documents produced by Defendants containing email communications among Artec Group, Inc. employees, as well as employees of affiliated entities Artec Europe (a Luxembourg company) and Artec Ventures (a Russian company).  Defendants have designated these documents as Highly Confidential, claiming that any less restrictive designation would violate the privacy interests of *Plaintiff's* employees and those of its affiliates.  Plaintiff has asserted that Defendants' possession of such documents is wrongful given that Defendants were separated from Artec in February 2015 after the discovery of their unlawful activities; that they lack standing to assert the privacy interests of these individuals; and that in any case a "Confidential" designation would sufficiently protect any purported privacy interests. However, Defendants have refused to re-designated the documents and it appears that it will be necessary to seek a ruling from the Magistrate.

**Production of Source Code**.  Defendant Klimov and his prior counsel have repeatedly offered for months to produce source code under the AEO designation but to date have failed to produce the same.  This is a critical component of discovery.

Plaintiff reserves the right to bring additional discovery motions, including for Defendants' failure to produce documents and items pursuant to its discovery requests,

**b.     Pro Per Defendants' Statement.**

**Depositions.**

Depositions was rescheduled several times due to not fault of defendants. 1st time it happened because Plaintiff proposed during the conference with Defendants Council to move them to the several days  after  the mediation day which was scheduled  on 14th of February and Defendants agree. 2nd time because Defendants terminated their lawyers after the unsucceful mediation. 3rd time because Judge Chen gave time to find new lawyers. And now defendant Andrey Klimov is asking for one extension of two weeks to July 5 because his wife is 8.5 months pregnant (Motion by Mr. Klimov was filed with Court

5/23/2017 – Dkt 256). Plaintiff is incorrect claiming that no date was proposed. Mr. Klimov on many occasions suggested July 5, but plaintiff refused without giving sufficient reason.

Ms. Stebleva explained that she has not money and has serious medical desease based on stress received after mediation and is unable to travel to USA. She is making currently the full research of the desease and she has offered many days for her deposition by phone, but Plaintiff refuses to choose date. Anna Stebleva had a conference call with Ms. Cappoccia and explained this situation. Stebleva plans to fill motion informing Judge Kim about this matter.

Ms. Dmitrieva also had meet and confer call with Plaintiff. She also offered many dates to conduct her deposition by telephone and explain she is unable to travel to United States. She offered many alternatives to Plaintiff. Judge Kim ruled that depositions should take place on US territory, so Ms. Dmitrieva suggested conducting her deposition at US embassy in Moscow which is according to international law, US territory. But plaintiff did not accept any suggestions.

**Mis-Designation of documents**

Plaintiff keeps asking to redesignate documents from Highly Confidential to Confidential. This is important to Plaintiff because purpose of this litigation is to acquire access to proprietary defendant information and defendant's trade secrets. Mr. Klimov is proven scientist and inventor. Plaintiff spent a lot of time and money trying to receive access to his inventions and was successful (Thor 3D scanner inspection happened on May 24, 2017). Plaintiff now wants to see all marketing materials, code, private correspondence and technical documentation, as any competitor would want to. Defendants provided thousands of documents during discovery, but most of them can not be shown to anyone except attorneys. Mr. Klimov suggested on many occasion to Plaintiff council to specify which documents specifically they want reclasiffied, but no reply was given. Instead, plaintiff claim that Mr. Klimov is being unreasonable, while Mr Klimov is willing and able

to discuss each document separately and is not willing to reclassify all documents as many of them do a lot of damage.

Plaintiff emphasizes one sub-category of documents: email communications where some or all recepeitnts have email addresses with domain of "artec-group.com". Mr. Klimov is adamant this domain artec-group.com does not belong to Artec Group Inc and when pressed, the Plaintiff admitted that this domain does not belong to Artec Group Inc, but rather plaintiff has "rights" to it because of the server and domain belongs to an affiliated company. After multiple prodding the Plaintiff could not identify to whom domain or email server belonged to or provide any prove that either belonged to Plaintiff. Since that is the case, Mr. Klimov insists that in order to protect the other entity (to whom this server belongs), he cannot reclassify these documents. For example  in the Lawsuite filled by Artec Europe Sarl in Luxembourg and in another Lawsuite filled by Artec Europe Sarl in Dusseldorf and in the few Lawsuits initiated by Artec Venchures Sarl in Russia each of these entities used e-mails from domain «artec-group.com» as the correspondense from server belonged to each of these companies, that means that in each countries all «Artec» named companies declare that the sever belonged to one of them. In addition, reading these e-mails does not determine which "Artec" entity these e-mail addresses are addressed to, whereas Artec recipients' e-mail addresses end with "@ artec-group.com"

Production of Source Code

Plaintiff erroneously claims that Defendant Klimov offered to provide code. Mr. Klimov told plaintiff that he will search for the documents they are asking. On May 31st Mr. Klimov said that he will provide what he found before June 20, 2017.

Ms. Stebleva and Ms. Dmitrieva have no code and are not technical specialists. Plaintiff keeps asking for documents that defendants have said multiple times they do not have.

**5.      EVIDENCE PRESERVATION.**

The parties acknowledge their obligations regarding evidence preservation and agree to abide by such obligations.

Mr. Shoiket, former counsel of the Klimov Defendants, continues to maintain custody of the Thor 3d scanner seized in Dusseldorf and delivered to him in February, as required by the Court's Order re: Plaintiff's Motion for Preservation Order (Dkt. 140) and Judge Kim's Order re: Discovery Dispute (Dkt. 188).  Plaintiff conducted an inspection of the scanner on May 24, 2017.

Mr. Shoiket was permitted to withdraw as defense counsel, and has now asked to be relieved of the responsibility of maintaining custody of the Thor 3d scanner.  Plaintiff proposes that the scanner be delivered to a third party technology escrow company, which will maintain custody of the device within this judicial scanner through trial.  Mr. Klimov has asked that the scanner be returned to his custody in Russia, which Plaintiff opposes. The parties are preparing a joint motion on this issue.

**6.      DISCLOSURES.**

**a.      Plaintiff's Statement.**

Plaintiff served initial disclosures on or about October 20, 2015 pursuant to agreement between the parties and a supplemental statement on February 26, 2016 stating that there was no additional information to disclose.

On July 8, 2016, Plaintiff served six pages of supplemental disclosures and 333 pages of documents pursuant to the Court's May 23, 2016 Order (Dkt. 111).  Plaintiff has served 378 pages in disclosure.

**b.      Pro Per Defendants' Statement.**

Defendants served initial disclosures on February 26, 2016.  Defendants served a detailed disclosure and documents on July 14, 2016 pursuant to the Court's May 23, 2016 Order (Dkt 111).  Defendants served a supplemental production of documents on October 21, 2016 pursuant to the Court's August 6, 2016 CMC Order (Dkt. 118).

7.     **DISCOVERY.**

    a.     **Discovery Taken to Date.**

        (1)     Plaintiff's Statement.

Plaintiff has served document requests on defendants Klimov, Klimova, Stebleva, ID-Wise and A-Star (between 27 and 38 requests for each defendant).  Defendants responded with boilerplate objections and refusals to produce documents as to the bulk of Plaintiff's requests.  Defendants have served an inadequate document production as to Klimov.  On January 19, Plaintiff received approximately 1800 documents from the Klimov Defendants, **all** of which defendants' marked "Highly Confidential – Attorneys' Eyes Only."  These included internal correspondences between *Plaintiff's* officers and employees, as well as those of affiliated Artec entities.  Plaintiff initiated a meet and confer with Defendants' counsel, which was interrupted by counsel's motions to withdraw.

Plaintiff has also demanded the inspection of Defendants' devices and software, to which Defendants have refused to comply.

On October 22, 2016, Defendants Klimov, Klimova, Stebleva, ID-Wise and A-Star jointly served a Demand for Production with 118 Demands.  Plaintiff met and conferred on the fact that the majority of these demands are phrased as "Please produce all documents which support all allegations in paragraph number X at page Y of the First Amended Complaint," which does not describe the documents sought in particularity.  Defendants refused to withdraw this set of demands or more narrowly define the scope of documents sought.  Additionally, Defendants jointly served interrogatories with subparts exceeding the statutory limit of 25 per defendant.  On December 5, 2016, Defendant Klimov served a second set of Demands for Production and Interrogatories, further exceeding the total with respect to Klimov's discovery.

Plaintiff has responded to all written discovery and has produced thousands of pages of bates-labeled documents.  Those documents containing source code or other trade secrets or highly sensitive data have been designated "Highly Confidential."  Per the

Court's order conditionally granting counsel's motions to withdraw, "the individual defendants shall not have any access to Plaintiff's AEO documents unless they hire new counsel or an expert/consultant or unless they prove that access to the documents is essential to their defense, as required by due process." Dkt. 225, p. 3.

Plaintiff believes that this case would benefit from a discovery referee to expedite the litigation.

(2)    <u>Defendant Statement.</u>

Plaintiff provided thousands of documents just to claim to Court that there is cooperation. Defendants question is where all these documents were found and by what way they were recieved if no one from Defendants spend even a day in Artec Group inc office in California. Also there are around 40 photos of the same installation site from different sides (each photo is a separate document).  Plaintiff provided, an illegally attained, but almost completely irrelevent 30 page skype conversation about and personal plans between two people who never worked in Plaintiff's company. Plaintiff provided hundreds of pages of publically available information, but not a single document that the defendants specifically requested during multiple meet and confer conferences. In April 2017 Mr. Andrey Klimov sent the list of documents specify each of them.  Spefifically, defendants asked for:

 Signed employment agreement between Artec Group Inc and Ms. Stebleva

Signed employment agreement between Artec Group Inc and Mr. Klimov

Signed employment agreement between Artec Group Inc and Ms. Klimova (now Dmitrieva) as SFO

Signed Non Compete (or similar type of agreement) with Ms. Stebleva

Signed Non Compete (or similar type of agreement) with Ms. Klimov

Signed Non Compete (or similar type of agreement) with Ms. Klimova (now Dmitrieva)

Signed NDA (or similar type of agreement) with Ms. Stebleva

1    Signed NDA (or similar type of agreement) with Mr. Klimov

2    Signed NDA (or similar type of agreement) with Ms. Klimova (now Dmitrieva).

3    ADP records for Ms. Stebleva (this may include copies of pay stubs or print outs of

4  internal reports which includes information on Ms Stebleva's employment with Artec

5  Group Inc.)

6    ADP records for Mr. Klimov (this may include copies of pay stubs or print outs of

7  internal reports which includes information on Mr. Klimov's employment with Artec

8  Group Inc.)

9    ADP records for Ms. Klimova (now Dmitrieva) this may include copies of pay

10  stubs or print outs of internal reports which includes information on Ms Klimova's

11  employment with Artec Group Inc.)

12    Any document that might serve as prove of employment insurance for Mr. Klimov,

13  Ms. Stebleva, Ms. Klimova (now Dmitrieva).

14    Any document that might serve as prove of employer-provide health insurance for

15  Mr. Klimov, Ms. Stebleva, Ms. Klimova (now Dmitrieva).

16    Any document that might serve as prove of employee tax deductions for Mr.

17  Klimov, Ms. Stebleva, Ms Klimova (now Dmitrieva)

18    Copies of either 1040 or 1099 forms filed with the IRS for Mr. Klimov, Ms.

19  Stebleva, Ms Klimova (now Dmitrieva) from the year 2007 to 2015.

20    Any document that might serve as prove that Mr. Klimov received dividend pay-out

21  as shareholder of Artec Group Inc

22    Any document, except email correspondence that might serve as prove that Ms.

23  Stebleva was employed by Artec Group Inc as Vice President.

24    Any document, except email correspondence that might serve as prove that Ms.

25  Klimova (now Dmitrieva) was employed by Artec Group Inc as CFO.

26    All of these documents should not be difficult to find if they exist, yet plaintiff

27  refuses to produce them and refuses to admit that these documents do not exist because

28

1  Defendants were not employees of Artec Group Inc.  Plaintiff counsil answered in the mail

2  from May 3-d: «We confirm receipt of your emails from Friday and today.  Thank you for

3  the link to the video.  With respect to your list of documents, it appears that the documents

4  you're requesting relate to Document Request No. 83 ("Please produce all documents

5  which relate to, pertain to, reflect, or record the employment relationship between Plaintiff

6  and individual Defendants alleged in the First Amended Complaint, including but not

7  limited to plaintiff's human resources files, personnel files, payroll records, Internal

8  Revenue Service W-2 and/or 1099 forms, California Franchise Tax Board, pay stubs,

9  Employment Development Department, Workers' Compensation Insurance filings related

10  to the Defendants.")  I believe we have produced all responsive documents but we'll

11  review your list»

12      Defendants still don't have any of these documents and plan to submit a motion to

13  compel production of these key documents if they are not produced.

14      <u>Admittance:</u>  Plaintiff refuses to provide documents that prove that three defendants

15  were employees of Artec Group Inc (no taxes, no vacation time accounting, no insurance

16  information, no ADP data, no social security deductions, no retirement fund). Yet, even

17  when pressed, plaintiff also refuses to admit that these documents do not exist.

18      Plaintiff refuses to provide documents that prove that Artec Group Inc ever had any

19  trade secrets or they were designated as such. Yet, even when pressed, Plaintiff also

20  refuses that admit that the company never had any trade secrets and nothing was ever

21  designated as such.

22      Plaintifif refuses to provide documents that prove that Artec Group Inc has

23  exclusive rights to ANY technology that Mr. Klimov invented since 2015. Yet, even when

24  pressed, Plaintiff refuses to admit that no documents to prove that exist.

25      Defendant would like to file a motion with Court to compel the plaintiff to either

26  provide the documents that proof this or admit that these documents do not exist.

27

28

**b.** <u>**Limitations or Modifications of the Discovery Rules.**</u>

The parties have not agreed on any modification of discovery rules.

**c.** <u>**Protective Order.**</u>

On March 1, 2016, the Court entered the Parties' Stipulated Protective Order, as modified.  On February 27, 2017, the Parties agreed to and the Court granted a further modification of the Stipulated Protective Order (Dkt. 165).

**d.** <u>**Privileged Information**</u>

The Parties agree to a clawback for inadvertent production of privileged material.

**e.** <u>**Electronically Stored Information.**</u>

The parties have met and conferred on the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information and will work with the Court's Guidelines for Discovery of ESI to cooperatively address issues of preservation, collection and production.

**8.** <u>**CLASS ACTIONS.**</u>

This is not a class action.

**9.** <u>**RELATED CASES.**</u>

**a.** <u>**Plaintiff's Statement**</u>

Plaintiff alleges there are no pending related cases or proceedings before another judge of this Court, or any other court or administrative body in the United States or any foreign court, but in the interest of full disclosure identifies the following pending matters:

*Artec Group, Inc. v. Anna Zevelyov*, Alameda Superior Court Case No. RG17849097 (filed February 10, 2017), alleging violation of the UTSA, fraudulent concealment, breach of duty of loyalty/fiduciary duty, false advertising, and conversion.  Default was entered against Ms. Zevelyov on May 18, 2017.

On or about December 21, 2015, Artec Europe S.a.r.l. initiated a civil claim against Klimov and Stebleva in Luxembourg alleging copyright violations, misappropriation and

other claims.  Artec Europe also initiated a criminal complaint alleging the theft of Artec's cameras and other hardware.

### b.   Pro Per Defendants' Statement.

Defendant alleges there was a related case in the Higher Court of Dusseldorf, Germany which ended on August 25, 2016, in which Artec Europe Sarl (a completely unrelated and unaffiliated company, but which is also owed by Mr. Yukhin and Mr. Klimov) could not prove that the same Thor 3D scanner which is now involved in this case used any trade secrets or intellectual property that belonged exclusively to the Plaintiff in that case.

In the Dusseldorf case the court has alredy held in August 2016 that Artec Europe S.a.r.l. could not show ownership of the alleged 3D technology and ordered the seized scanner returned to Defendants. Even as Artec Europe S.a.r.l. claimed that Plaintiff Artec Group Inc. had assigned all of its rights in the software to Artec Europe S.a.r.l. , the court still found neither company could show ownership (March 1, 2016, affidavit by Ms. Anastasia Khaytul, Plaintiff's Corporate Counsel and Chief Legal Officer of Artec Europe s.a.r.l. **:"In 2014, Artec Group, Inc. based in Palo Alto, California, U.S.A., granted and assigned to Artec Europe s.a.r.l. based in Luxembourg exclusive and unlimited rights in all of its (Artec Group, Inc.'s) 3D scanning software in object code and source code. Artec Europe s.a.r.l. still owns these rights."** )

It should be noted that, very curiously, the Luxemburgian Company Artec Europe Sarl also claims in its claim mentioned by Plaitiff in his statement that the ownership on intellectual rights on all patents, software and hardware whith the help of which all 3D scanners (EVA, SPIDER and BROADWAY 3D) produced, belonged exclusively to Artec Europe Sarl. How does Plaintiff explain explain that at the same time, Artec Europe Sarl also claims to be the owner of software and hardware IP whih is claimed to be the IP of Artec Group inc.?

In 2014 Mr. Yukhin and Mr. Klimov began to negotiate the purchase of Mr. Klimov's shares in Artec Europe sarl and Artec Group inc by Mr. Yukhin. The parties had even agreed on a price.

First, on February 12, 2015, Mr. Yukhin through Artec Ventures LLC in Russia hired a private security company to muscularly conduct a raid on its own premises and blocked access to Moscow 's offices  to Klimov as well as about twenty of its employees such as Mrs Klimova, or Mrs Stebleva. On the same day, all of these workers' electronic boxes in Russia were blocked. Mr. Yukhin refused any discussion with Mr. Klimov directing the security company not to let him in.

This resulted in a series of judicial proceedings throughout the world against Defendants, all of which were initiated indirectly by Mr. Yukhin, who were approaching the ruthlessness or testifying to the animosity, which he seems to have developed with respect to the defendant. Using in Russia the external security company, blocking access to Mr. Klimov by force, also abounds in this direction.

In Russia in the spring of 2015 a criminal complaint was filed by Mr. Yukhin, through Artec Ventures LLC, against Mr. Klimov. However, the case was dismissed by the Economic Security and Anti-Corruption Department of the Russian Ministry of Internal Affairs on 14 July 2015.

The means and the arguments of two procedures In the United States through Artec Group Inc and the Grand Duchy of Luxembourg, through Artec Europe Sarl are similar.

It should also be noted that the Plaintiff constantly creates confusion between the various Artec companies. By using the words «Artec group» or «Artec» throughout the all cases, Plaintiff creates the kinship between the various Artec companies, which is unreal and not true. It is difficult to distinguish whether the Plaintiff refers to itself or to the Luxembourgian or Russian entities. However, apart from the fact that only a company incorporated under USA California law is a Plaintiff, it must be taken into account that these companies have no capital link between them.

In Luxembourg case Andrey Klimov Counci filed the Mr. Klimov's answer in November 2016. Artec Europe Sarl asked the Court for the 3d prolongation period for July 2017 and suprisingly didn't aswer to the Klimov's answer for more than 8 months.

**10.  RELIEF.**

    **a.  Plaintiff's Statement.**

On or about July 8, 2016, Artec served a disclosure statement estimating the following damages (subject to expert review and modification as discovery proceeds):

1.  $819,273.00 in sales of 112 Broadway 3D devices pursuant to the Purchase Order entered into between A-Star LLC and Axon Business Systems.

2.  $170,000 in additional estimated lost profits based on difference between Artec and A-Star pricing per Axon contract.

3.  $18,200.00 in sales of two Thor 3D Scanners to Space Time 4D, per invoice dated 1/07/2016.

4.  $10,500,000 in estimated lost revenues of existing product line in calendar year 2015 based on year-to-year projections based on Defendants' conduct. Additional substantial lost revenues occurred in calendar year 2016 and is expected to continue in 2017, according to proof.

5.  $4,290,000 estimated lost potential sales of planned new line of handheld scanners that were expected to launch in early 2015. The final development and manufacture of these scanners was significantly delayed due to Defendants' misappropriation of key technology (subsequently used for the Defendants' Thor 3d devices) as well as the defections and terminations of Artec rogue engineers. Additionally, Plaintiff alleges lost sales of planned intercom/facial recognition devices due to Defendants' misappropriation of technology (subsequently used for Defendants' EnterFace 3D devices) and the defections and terminations of Artec rogue engineers. Additional substantial lost revenues are expected to continue, according to proof.

6.      $680,000 in estimated lost sales of Broadway devices to Gazinformservice and Latkhta due to Anna Stebleva's conduct while an Artec's trusted agent and executive, inducing these companies not to purchase from Artec, interfering with Artec's contractual relationships, and directing these companies to make purchases from the rogue team.

7.      $255,000 in estimated wages paid to alleged rogue employees and officers from through February 2015, an average of six months per employee, the time period of the alleged conspiracy to misappropriate trade secrets and compete against Artec.

8.      Estimated $127,000 in costs to replace rogue employees, including payments to recruitment agencies.  Additional cost of training replacement employees to be determined.

9.      Estimated $745,000 in attorney fees and costs through May 2016.

10.      Estimated $43,000 in expert fees through May 2016.

11.      Diminution in company value, to be determined by expert.

12.      Future lost profits, to be determined by expert.

13.      Additional compensatory damages as may be determined based on discovery and continued investigation.

14.      Additional lost contracts, as determined based on discovery and continued investigation.

**b.      Defendants' Statement.**

Defendants intend to file dispositive motions and move for costs and fees incurred in this case, and money sanctions and all other further relief this Court deems just. Defendants also reserve the right to seek preliminary injunctions, and to bring counterclaims against Plaintiffs.

Defendats Andrey Klimov, Yulia Klimova (Dmitrieva), Anna Stebleva corporates ID wise and A-Star  didn't sell any Broadway 3D devices to Axon Business Systems and didn't sell any single Broadway 3D device to anywhere and everywhere. Plaintiff  didn't have any contract or distribution agreement with Gazinformservice (Russian Entity).

Defendants didn't work in Plaintiff company and they couldn't be replaced. Anna Stebleva and Yulia  Dmitrieva didn't receive any official notifications  about their termination from Plaintiff Artec Group inc. Simply because they were not ever employed by Plaintiff. Moreover Dmitrieva, Stebleva left Artec Venchures LLC (Russia) in 2015 by the agreement of the parties.

Artec Group inc claimed lost damages without explaining it in any way. The $10,500,000 and $4,290,000 appear to be fantastic. There is no base proved that the loss was. Artec Group inc was found in 2007. In 2015 the company annual revenue was approximately $2,000,000. That means that growth of the company revenue  was USD 250.000 and in 2016 should be $2.250.000.

Artec Group inc claim for damages must therefore be declared unfounded.

**11.   <u>SETTLEMENT AND ADR.</u>**

The parties attempted mediation before Hon. Dickran M. Tevrizian (Ret.) on February 14, 2017 in San Francisco. Counsel for all parties attended.  Andrey Klimov and Anna Stebleva attended the mediation in person, as did Artem Yukhin (President of Artec Group, Inc.) and Anastasia Khaytul (Chief Legal Counsel).  The mediation was not successful.  Eight days later, on 2/22/2017, counsel for all Defendants simultaneously moved to withdraw.

**12.   <u>CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES.</u>**

Plaintiff initially consented to the magistrate judge for all purposes.  However, Defendants declined to consent to magistrate judge for all purposes.

**13.   <u>OTHER REFERENCES.</u>**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.   <u>NARROWING OF ISSUES.</u>**

The parties have not yet identified areas where they may narrow the issues in dispute.

1     The parties are willing to discuss narrowing of issue.

2   **15.    EXPEDITED TRIAL PROCEDURE.**

3     The parties agree that this case cannot be handled under the Expedited Trial

4   Procedure of General Order 64.

5   **16.    SCHEDULING.**

6     The Court has ordered the following dates (Dkt. 171):

7     Close of Party and Third Party Factual Discovery: 8/17/2017.

8     Expert Reports:  Opening reports by 8/17/2017.  Rebuttal reports by 9/7/2017.

9     Expert Discovery Cut-off:  9/28/2017

10    Dispositive Motions:  Must be heard no later than 11/9/2017 at 1:30 p.m.

11    Plaintiff may request that the above dates be extended given the significant delays

12  caused by Defendants' counsel's withdrawal and the individual defendants' (and their

13  prior counsel's) non-cooperativeness in scheduling depositions.  However, such extension

14  should not cause a continuance in the trial date.

15  **17.    TRIAL.**

16    An estimated twelve (12) day jury trial in this matter is scheduled to commence on

17  2/20/2017 at 8:30 a.m. in Courtroom 5, as ordered by the Court.  Dkt. 171.

18  **18.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.**

19    Artec Group, Inc., ID-Wise SIA, and A-Star LLC have filed Certifications of

20  Interested Entities or Persons (Local Rule 3-16) and a certification under Fed. R. Civ. P.

21  7.1.  Artec does not intend to identify any other entities or persons.

22  **19.    PROFESSIONAL CONDUCT.**

23    All attorneys of record for the parties have reviewed the Guidelines for Professional

24  Conduct for the Northern District of California.

25    / / /

26    / / /

27    / / /

28
JOINT STATEMENT RE: CASE MANAGEMENT CONFERENCE
15-cv-03449-EMC

**20.** **OTHER.**

      The parties are unaware of any other matters to facilitate the disposition of this matter.

      Dated: June 1, 2017

      Respectfully submitted,

By: /s/ Benjamin Davidson
     Louise Ann Fernandez
     An Nguyen Ruda
     Jeffer Mangels Butler & Mitchell LLP

     Benjamin Davidson
     Law Offices of Benjamin Davidson, P.C.

     Attorneys for Plaintiff
     ARTEC GROUP, INC.

     Respectfully submitted,

By:    /s/ Andrey Klimov
     Andrey Klimov
     Defendant in Pro Per

By:    /s/ Anna Stebleva
     Anna Stebleva
     Defendant in Pro Per

JOINT STATEMENT RE: CASE MANAGEMENT CONFERENCE
15-cv-03449-EMC