Louise Ann Fernandez (SBN 86263)
  Email: laf@jmbm.com
An Nguyen Ruda (SBN 215453)
  Email: ahn@jmbm.com
JEFFER MANGELS BUTLER &
MITCHELL LLP
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone: (415) 984-9613
Facsimile: (310) 712-3364

Benjamin Davidson (SBN 241859)
  Email: bdavidson@bendavidsonlaw.com
LAW OFFICES OF BENJAMIN
DAVIDSON, P.C.
8383 Wilshire Boulevard, Suite 800
Beverly Hills, CA 90211
Telephone: (323) 456-8647
Facsimile: (310) 432-0104

Attorneys for Plaintiff
ARTEC GROUP, INC.

Catherine M. Dacre (SBN 141988)
  E-mail: cdacre@seyfarth.com
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Michael W. Kopp (SBN 206385)
  E-mail: mkopp@seyfarth.com
SEYFARTH SHAW LLP
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

Attorneys for Defendant
AXON BUSINESS SYSTEMS, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTEC GROUP, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREY KLIMOV, an individual, et al.,<br><br>Defendants. | Case No. 15-cv-03449-EMC<br><br>**JOINT STATEMENT RE: CASE MANAGEMENT CONFERENCE**<br><br>Assigned to the Hon. Edward M. Chen<br><br>Date:  September 28, 2017<br>Time:  10:30 a.m.<br>Place:  Courtroom 5, 17th Floor<br>          San Francisco<br><br>Action Filed:  July 27, 2015<br><br>Fact Discovery Close:  August 17, 2017<br><br>Trial Date:  February 20, 2018 |

1    Plaintiff Artec Group, Inc. ("Artec" or "Plaintiff") and Defendant Axon Business

2  Systems, LLC ("Axon" or "Defendant") hereby submit this updated Joint Case

3  Management Statement pursuant to the Court's Order of September 15, 2017 (Dkt. 327).

4  To the extent any of the sections set forth in the Standing Order for All Judges of the

5  Northern District of California, Contents of Joint Case Management Statement, are not

6  included, the information may be found in the prior joint case management statements filed

7  in this matter.  *See*  Dkts. 75 and 158.

8  ### A.    JOINT CASE MANAGEMENT STATEMENT.

9  **1.    JURISDICTION AND SERVICE.**

10    The Court denied Axon's original motion to dismiss for lack of personal jurisdiction

11  in May 2016 (Dkt. 104.). Axon intends to file a motion for reconsideration of the Court's

12  May 2016 order, consistent with the Court's finding in the September 15, 2017 Order

13  Granting Axon's Motion to Vacate Default (Dkt. 327) that "*Bristol-Myers* sheds additional

14  light on the law on personal jurisdiction such that it would be a sufficient basis to allow

15  Axon to move to reconsider . . . ."  The parties have agreed  upon the following proposed

16  briefing schedule:

17    Axon's Opening Brief:  **October 12, 2017**

18    Artec's Opposition:  **November 2, 2017**

19    Axon's Reply:  **November 16, 2017**

20    Hearing Date:  **At the Court's convenience**

21

22  **2.    MOTIONS.**

23    **a.    Plaintiff's Statement.**

24    Plaintiff has no motions currently pending against Axon.  After the Court granted

25  Axon's counsel's motion to withdraw in March 2017, Artec moved for entry of default.

26  The Court entered default against Axon on June 1, 2017.  (Dkt. 259).  Plaintiff filed a

27

28

1  motion for default judgment on August 2, 2017.  (Dkt. 295).  The Court set aside the

2  default on September 15, 2017.  (Dkt. 327).

3       Apparently, Axon now takes the position that the default is only set aside *partially;*

4  Axon plans to appear represented by counsel for only those parts of the litigation in which

5  it chooses to participate, namely, contesting prior rulings against it, and when that doesn't

6  succeed, renewing its improper opposition to entry of default judgment.   But for those

7  parts of the litigation in which Axon does not want to participate (e.g., discovery), it

8  conveniently has not retained counsel.  Artec is not aware of any authority to support

9  Axon's position that it is permitted to partially set aside default, and that it may appear this

10  late in the case for only the limited purposes it now chooses.  Moreover, Axon did not state

11  in its motion to set aside the default that it was asking the Court to only partially set aside

12  the default, or cite any authority to support that position.  As a result, setting aside of the

13  default is a sham, and Axon remains a unrepresented party in default, who should not be

14  permitted to appear, and Artec should be permitted to resubmit its motion for entry of

15  default judgment against Axon.

16       **b.**    **<u>Defendant's Statement.</u>**

17       With the Court's permission, Axon moved to set aside the default judgment on

18  jurisdictional grounds.  The Court granted Axon's motion, but reserved ruling on the

19  threshold issue of personal jurisdiction.  Consistent with the Court's Order Granting

20  Defendant's Motion to Vacate Default, Axon intends to retain Seyfarth Shaw LLP for the

21  limited-purpose engagement of filing a motion for reconsideration of the prior order

22  denying Axon's motion to dismiss for lack of personal jurisdiction.

23       Contrary to Plaintiff's assertions, there is nothing improper with Axon's request to

24  have the jurisdictional issue conclusively decided, and Axon has previously sought, with

25  full disclosure to the Court and parties, permission to make such jurisdictional challenges

26  and to challenge default.  Axon candidly sought and received advance permission at the

27  time of withdrawal of its counsel, to engage counsel for the limited purpose of challenging

28

1  any attempt to enter default.  (Dkt. No. 232, Transcript of March 29, 2017 hearing on
2  motion to withdraw, p. 17.) The Court previously granted Axon permission to engage
3  counsel for the limited purpose of challenging default (Dkt. 315), and for the limited
4  purpose of pursuing settlement (Dkt. 306.)

5       Seyfarth's present engagement remains limited to continuing to pursue the
6  jurisdictional challenge presented in Axon's Motion to Vacate Default.  Axon has
7  consistently maintained from the inception of this action that Plaintiff cannot establish the
8  minimum contacts necessary to establish personal jurisdiction, and any judgment entered
9  in this action would therefore be void. Consistent with that position, should the motion for
10 reconsideration of the prior jurisdictional ruling not be granted, Axon does not intend to
11 retain counsel to further litigate the matter, aside from opposing any motion for entry of
12 default judgment, and any potential appeal.  There is nothing new or improper with this
13 election.  *See*, Dkt. 327, at 3:8-3:10 ("It was not unreasonable for Axon to conclude that it
14 was no longer financially worthwhile to defend the lawsuit, but to still try to contest the
15 default judgment motion which could render it financially liable and to still try to settle the
16 dispute.")

17 **3.    DISCOVERY.**

18      **a.    Plaintiff's Statement.**

19      This case has been pending for more than two years.   Axon's counsel moved to
20 withdraw soon after discovery began in this case in late 2016, and Artec has been
21 prevented from completing its discovery against Axon due to counsel's withdrawal and
22 Axon's subsequent default.  Prior to the default, Artec served requests for production on
23 Axon, and Axon produced some documents prior to its counsel withdrawing.  But Artec
24 will require additional discovery, including depositions of Axon's officers, executives,
25 and/or employees involved in the events disclosed in the First Amended Complaint.  Artec
26 maintains that discovery should proceed immediately in this matter, so that it may be
27 completed in time for the February 2018 trial.

28

1         **b.**    **Defendant's Statement.**

2         Consistent with Axon's status as a peripheral party to this trade secret action against

3    the Klimov defendants, Artec delayed prosecuting the action against Axon and delayed in

4    pursuing discovery from Axon.  Axon was the sixteenth named defendant to the original

5    Complaint in this action, and Artec did not attempt to effect service on Axon until January

6    28, 2015—over five months and 80 docket entries after Artec filed the original complaint.

7    Having failed to effect service in January 2015, Artec did not reattempt service until July

8    28, 2016—over one year and 116 docket entries after filing the complaint.  Thereafter,

9    Plaintiff further delayed propounding *any* discovery to Axon until February 17, 2017 (*i.e.*,

10   nearly nineteen months after filing the complaint).  Plaintiff served one set of requests for

11   production to which Axon responded and produced responsive documents, and Axon fully

12   satisfied its discovery obligations as to Plaintiff's pending discovery prior to withdrawal.

13   As noted above, it is Axon's position that Plaintiff cannot establish the contacts necessary

14   to support personal jurisdiction.  Axon does not intend to engage counsel for the further

15   purpose of litigating the action beyond the challenge to jurisdiction, and, if needed, any

16   motion for entry of default judgment.

17   **4.**    **SETTLEMENT AND ADR.**

18       **a.**    **Plaintiff's Statement:**

19        Artec, Mr. Klimov, and counsel for Axon participated in a mandatory settlement

20   conference before Magistrate Judge Laporte on August 11, 2017.  Artec reached a

21   settlement with Mr. Klimov during the settlement conference, and entered the terms of the

22   settlement on the record.  (Dkt. 313).  Artec and Klimov are working on completing some

23   additional documentation of the specific assignments and licenses of intellectual property

24   required by the settlement, and hope to complete those tasks prior to the Case Management

25   Conference on September 28, 2017.  Ms. Klimova and Ms. Stebleva have indicated their

26   potential agreement also to be bound by the terms agreed to by Mr. Klimov; if they do

27

28

1  agree to be bound by those terms, settlement will be completed with them as well.  If they

2  do not agree, Artec will seek entry of default against each of them.

3        Axon also appeared through counsel at the settlement conference, and settlement

4  was not reached between Artec and Axon.  Artec's claims against Axon remain, and are

5  unaffected by the settlement with Mr. Klimov, for which the parties exchanged valuable

6  consideration.  Artec's claims against Axon are similarly unaffected by unasserted claims

7  Axon contends it has against Mr. Klimov.

8        **b.    Defendant's Statement:**

9        Axon's counsel was granted permission to attend the mandatory settlement

10  conference over Plaintiff's objection to Axon's participation, but a settlement was not

11  reached between Artec and Axon. The pending settlement agreement reached between

12  Artec and Klimov (and anticipated settlement with Ms. Klimova and Ms. Stebleva)

13  resolves all claims against the primary defendants to this action (i.e., the parties alleged to

14  have purportedly misappropriated trade secrets), and grants Klimov *a five-year license* to

15  market the products Axon is alleged to have improperly purchased from him.  It is Axon's

16  position that Plaintiff's present attempt to seek recovery from Axon for the purported

17  *purchase* of these products is inconsistent with Artec's settlement and license agreement

18  with Klimov and the remaining defendants.  The failure to include Axon within the

19  settlement also leaves Klimov, a party not represented by counsel at the mediation, with

20  ongoing exposure due to his indemnification obligations to Axon.

21  **5.    SCHEDULING AND TRIAL.**

22        The Court had previously ordered the following dates (Dkts. 171, 289, 325):

23        Close of Party and Third Party Factual Discovery: 8/17/2017.

24        Expert Reports:  Opening reports by 10/26/2017;  Rebuttal reports by 11/8/2017.

25        Expert Discovery Cut-off:  11/22/2017

26        Dispositive Motions:  Must be heard no later than 12/21/2017 at 1:30 p.m.

27

28

1
2

An estimated twelve (12) day jury trial in this matter is scheduled to commence on 2/20/2018 at 8:30 a.m. in Courtroom 5.  (Dkt. 171).

3

(1)    **Plaintiff's Statement.**

4
5
6
7
8

As stated above, this case has been pending for more than two years, and trial is set to commence on February 20, 2018.  Fact discovery has not been completed between Artec and Axon, and it will have to be reopened and the discovery schedule revised accordingly. Artec objects to further delay of resolution of this matter, and therefore, requests that fact discovery be reopened immediately and that the trial date remain unchanged.

9
10
11

Artec's position is that the trial date should remain unchanged, fact discovery should proceed  immediately, and the parties shall endeavor to complete fact discovery in a timely fashion in light of the February trial date.

12

(2)    **Defendant's Statement.**

13
14
15
16

As noted above, it is Axon's position that Plaintiff cannot establish the contacts necessary to support personal jurisdiction.  Axon does not intend to engage counsel for the further purpose of litigating the action beyond the challenge to jurisdiction, and, if needed, any subsequent motion for entry of default judgment.

17

18    Dated: September 21, 2017              Respectfully submitted,

19                                          By:  /s/ Rachel M. Capoccia
20                                          Louise Ann Fernandez
                                            An Nguyen Ruda
21                                          Jeffer Mangels Butler & Mitchell LLP

22                                          Benjamin Davidson
23                                          Law Offices of Benjamin Davidson, P.C.

24                                          Attorneys for Plaintiff
25                                          ARTEC GROUP, INC.

26

27

28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

By:   /s/ Michael W. Kopp
Catherine M. Dacre
Michael W. Kopp
Seyfarth Shaw LLP

Attorneys for Defendant
AXON BUSINESS SYSTEMS, LLC

7